Citation Nr: 1749167 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 12-01 629 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to a disability rating in excess of 30 percent prior to September 14, 2012, and in excess of 10 percent as of September 14, 2012, for posttraumatic stress disorder (PTSD).

2. Entitlement to an initial disability rating in excess of 10 percent for tinnitus.

3. Entitlement to an initial compensable disability rating for bilateral hearing loss. 

4. Entitlement to an initial disability rating in excess of 70 percent for social anxiety with major depressive disorder (MDD).

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) prior to February 12, 2016.

6. Entitlement to an effective date prior to May 27, 2010 for the grant of service connection for tinnitus.

7. Entitlement to an effective date prior to May 27, 2010 for the grant of service connection for bilateral hearing loss.

8. Entitlement to an effective date prior to February 12, 2016 for the grant of service connection for social anxiety with MDD.


REPRESENTATION

Veteran represented by: J. Michael Woods, Esq.


ATTORNEY FOR THE BOARD

M. Moore, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty in the United States Army from October 1978 to June 1980.

These matters come before the Board of Veterans' Appeals (Board) on appeal from March 2014, November 2016, and May 2017 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

In April 2014, the Veteran submitted a notice of disagreement (NOD) with the April 2012 and March 2014 rating decisions that continued a 30 percent evaluation and then assigned a 10 percent evaluation effective September 14, 2012 for PTSD. Despite the Veteran's NOD specifically disagreeing with all aspects of this decision, only the issue of the propriety of the reduction has been adjudicated. No statement of the case (SOC) has been issued for the increased rating for PTSD claim, nor is there any other evidence of action being taken on this claim. As such, it must be remanded for the issuance of an SOC. See Manlincon v. West, 12 Vet. App. 238 (1999). 

The issues of increased ratings for PTSD, hearing loss, and social anxiety with MDD, TDIU prior to February 12, 2016, and an earlier effective date for social anxiety with MDD are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


FINDINGS OF FACT

1. The Veteran is in receipt of the maximum schedular evaluation for his service-connected tinnitus.

2. VA received no communication that constituted a formal or informal claim for service connection for tinnitus until May 27, 2010.

3. VA received no communication that constituted a formal or informal claim for service connection for bilateral hearing loss until May 27, 2010.


CONCLUSIONS OF LAW

1. The criteria for a disability rating for in excess of 10 percent for tinnitus have not been met. 38 U.S.C.A. §§ 1155, 5102, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.321, 4.87, Diagnostic Code 6260 (2017).

2. The criteria for an effective date earlier than May 27, 2010, for the grant of service connection for tinnitus have not been met. 38 U.S.C.A. §§ 5101 , 5103, 5103A, 5107, 5110 (West 2014); 38 C.F.R. § 3.151, 3.155, 3.159, 3.400 (2017).

3. The criteria for an effective date earlier than May 27, 2010, for the grant of service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 5101 , 5103, 5103A, 5107, 5110 (West 2014); 38 C.F.R. § 3.151, 3.155, 3.159, 3.400 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has thoroughly reviewed all of the evidence of record, with an emphasis on the medical evidence pertinent to the claim on appeal. Although all the evidence of record has been thoroughly reviewed, the Board is not required to discuss each piece of evidence in detail. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board's analysis herein will focus on what the evidence shows, or fails to show, with respect to the Veteran's claims.

I. Duties to Notify and Assist

The Board finds that the VA's duty to notify and assist has been met and the Veteran and his attorney have not argued otherwise. Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015); Sickels v. Shinseki, 643 F.3d 1362 (Fed. Cir 2011). 

The Veteran received adequate notice in a June 2010 letter. All available service treatment records and post-service medical records have been obtained. The Veteran has not identified any outstanding records. 

The Board notes that the Veteran's claim for an increased rating for hearing loss has been remanded herein for a new VA examination based on possible worsening. However, as he is already in receipt of the maximum schedular rating for tinnitus, any increase in tinnitus symptomatology would not be material and could not allow for a higher evaluation. As such, a new VA examination is not necessary for the tinnitus increased rating claim at this time. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991); 38 C.F.R. § 3.327(a) (2017).

II. Merits of the Claims

A. Increased Rating

Disability evaluations are determined by evaluating the extent to which a veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. The percentage ratings represent as far as can practicably be determined the average impairment in earning capacity resulting from such diseases and injuries and the residual conditions in civilian occupations. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbation or illness proportionate to the severity of the several grades of disability. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. § 4.1 (2017). 

Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2017). Any reasonable doubt regarding the degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3 (2017). 

The Veteran's entire history is reviewed when making a disability determination. 38 C.F.R. § 4.1 (2017). Where the Veteran timely appealed the rating initially assigned for the service-connected disability within one year of the notice of the establishment of service connection for it, VA must consider whether the Veteran is entitled to "staged" ratings to compensate him for times since filing his claim when his disability may have been more severe than at other times during the course of his appeal. See Fenderson v. West, 12 Vet. App. 119 (1999). 

The evaluation of the same disability under various diagnoses, known as pyramiding, is generally to be avoided. 38 C.F.R. § 4.14 (2017). The critical element in permitting the assignment of several ratings under various diagnostic codes is that none of the symptomatology for any one of the disabilities is duplicative or overlapping with the symptomatology of the other disability. See Esteban v. Brown, 6 Vet. App. 259, 261-62 (1994).

The Veteran's tinnitus is evaluated as 10 percent disabling under Diagnostic Code 6260. He seeks a higher rating.

Under Diagnostic Code 6260, a 10 percent evaluation is assigned for recurrent tinnitus. 38 C.F.R. § 4.87, Diagnostic Code 6260 (2017). 

Only a single evaluation may be assigned for recurrent tinnitus, whether the sound is perceived in one ear, both ears, or in the head. 38 C.F.R. § 4.87, Diagnostic Code 6260, Note (2) (2017); see also Smith v. Nicholson, 451 F.3d 1344 (Fed. Cir. 2006).
Thus, the Veteran is receiving the maximum rating available for tinnitus, and no higher rating is legally available. 

As tinnitus has its own code, DC 6260, no rating by analogy under other codes is permissible; thus, a higher rating under another code provision is not warranted.. Copeland v. McDonald, 27 Vet.App. 333, 338 (2015) (held that where there is a diagnostic code that addresses the particular service-connected disability, to evaluate that disability under another code would constitute impermissible rating by analogy). 

The Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

B. Earlier Effective Date

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400 (2017). If the claim for service connection is received within one year of a veteran's discharge from service, the effective date of an award of service connection will be the day following discharge from service. 38 U.S.C.A. § 5110(b)(1) (West 2014); 38 C.F.R. § 3.400(b)(2) (2017); see also Wright v. Gober, 10 Vet. App. 343, 347 (1997) (holding that § 5110(b)(1) "applies only to those awards of disability compensation actually based on a claim filed within one year after the veteran's separation"). Otherwise, the effective date will be the later of the date of receipt of claim or the date entitlement arose. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400(b)(2) (2017). 

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C.A. § 5101(a) (West 2014); 38 C.F.R. § 3.151(a) (2017). The term "claim" or "application" means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p) (2017). 

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui generis may be considered an informal claim. Such an informal claim must identify the benefits sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155(a) (2017).

The Veteran disagrees with the effective date assigned for the grants of service connection for bilateral hearing loss and tinnitus. He has not provided any argument as to why he believes earlier effective dates are warranted or what effective date he believes should be assigned.

The Board has reviewed the entire claims file, paying particular attention to the Veteran's submissions to VA prior to May 27, 2010. None of his correspondence discusses any audiological disability or suggests that he was filing a claim for hearing loss or tinnitus. His earlier claims and correspondence to VA only discuss upper and lower extremity symptoms and complaints. There is no mention of audiological disabilities when filing these claims or when he received multiple rating decisions prior to May 2010 that failed to address hearing loss or tinnitus. 

An informal claim must be (1) a communication in writing that (2) expresses an intent to apply for benefits, and (3) identifies the benefits sought. See Brokowski v. Shinseki, 23 Vet.App. 79, 84 (2009); 38 C.F.R. § 3.155(a) (2017); see also MacPhee, 459 F.3d at 1325 (holding that VA regulations require claimant to identify benefit sought and indicate intent to apply for benefits). There is simply no evidence of a written communication expressing an intent to apply for benefits related to hearing loss or tinnitus at any time prior to May 27, 2010, when his current claim was received. To the extent that he may have experienced hearing loss or tinnitus prior to his May 27, 2010 claim, there is no provision in the law for awarding an earlier effective date based simply on the presence of the disability. See Brannon v. West, 12 Vet. App. 32, 35 (1998) (the mere presence of medical evidence of a condition does not establish an intent on the part of the veteran to seek service connection for the disability).

As noted above, the law provides that the effective date of a claim filed more than one year from discharge is the later of the date of receipt of claim or the date entitlement arose. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. § 3.400(b)(2) (2017). In this case, the Veteran did not file a claim for benefits for his hearing loss or tinnitus within one year following discharge, and has been granted service connection effective the date his first claim of entitlement to service connection for hearing loss and tinnitus was received. Even if entitlement arose prior to May 2010, given that the date the claim was received would be the later of the dates, this is the appropriate effective date. There is simply no evidence or argument to support an effective date for these grants of service connection prior to May 27, 2010. In reaching these conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims of entitlement to an effective date earlier than May 27, 2010, for the grants of service connection for hearing loss and tinnitus, that doctrine is not applicable. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 3.102 (2017); see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001).


ORDER

Entitlement to a disability rating in excess of 10 percent for tinnitus is denied.

Entitlement to an effective date earlier than May 27, 2010 for the grant of service connection for tinnitus is denied.

Entitlement to an effective date earlier than May 27, 2010 for the grant of service connection for bilateral hearing loss is denied.


REMAND

With regard to the increased rating for PTSD claim, there is no evidence in the claims file to indicate that the AOJ issued an SOC or taken any action in response to the Veteran's April 2014 NOD with the April 2012 and March 2014 rating decisions. Therefore, the issue of entitlement to an increased rating for PTSD must be remanded to the AOJ to issue an SOC. See Manlincon, supra.

With regard to the increased rating for hearing loss claim, Veteran was most recently examined in February 2011. He has claimed that his hearing acuity has worsened since this examination, nearly 7 years ago. In light of his complaints of worsening and the time since the last VA examination, the Board finds that a new VA examination is necessary. See Green v. Derwinski, 1 Vet. App. 121 (1991) (VA has a duty to conduct a thorough and contemporaneous examination of the Veteran in an increased rating claim); Schafrath v. Derwinski, 1 Vet. App. 589 (1991); see also Snuffer v. Gober, 10 Vet. App. 400, 403 (1997) (a veteran is entitled to a new examination after a two-year period between the last VA examination and the Veteran's contention that the pertinent disability had increased in severity). 

With regard to the TDIU and increased rating and earlier effective date for social anxiety with MDD claims, the Veteran has claimed that his unemployability is related to his service-connected PTSD and that his social anxiety claim should have been initially considered with his earlier PTSD increased rating claim. As such, the further development and readjudication of the PTSD increased rating claim may affect the resolution of the TDIU and social anxiety with MDD claims. The issues are inextricably intertwined. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991); Holland v. Brown, 6 Vet. App. 443 (1994); Henderson v. West, 12 Vet. App. 11 (1998). The AOJ must first develop and readjudicate the PTSD claim before readjudicating the TDIU and increased rating and earlier effective date for social anxiety with MDD claims.

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide the Veteran and his attorney with a statement of the case regarding his appeal of the denial of his November 2011 claim for PTSD. They should be advised of the time period in which to perfect an appeal. If the Veteran perfects an appeal, this claim should then be returned to the Board for further appellate consideration.

2. Thereafter, the Veteran should be scheduled for VA audiological examination in order to determine the current nature and severity of his service-connected bilateral hearing loss. The claims folder must be made available to the examiner for review in connection with the examination. The examination report must reflect that such a review was conducted. All indicated studies, including audiometric testing, should be completed. 

3. After completing the above actions, the Veteran's claims should be readjudicated. If any of the claims remain denied, a supplemental statement of the case should be provided to the Veteran and his attorney. After they have had an adequate opportunity to respond, the case should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs