# United States Court of Appeals for the Federal Circuit

05-7089

PATRICK D. MacPHEE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Thomas B. Fatouros, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Bryant G. Snee, Assistant Director. Of counsel were Kathryn A. Bleecker, Assistant Director, David B. Stinson and Michael D. Austin, Trial Attorneys. Of counsel on the brief were Richard J. Hipolit, Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

05-7089

PATRICK D. MacPHEE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

———————————————

DECIDED:  August 15, 2006

———————————————

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

ARCHER, Senior Circuit Judge.

Patrick MacPhee ("MacPhee") appeals the United States Court of Appeals for Veterans Claims' ("Veterans Court") affirmance of the Board of Veterans' Appeals' ("Board") determination that MacPhee's 1988 medical records did not constitute an informal claim for increased disability benefits.  MacPhee v. Principi, No. 01-918 (Vet. App. Oct. 22, 2004).  Because the condition disclosed in MacPhee's medical records had not previously been claimed, or determined to be service connected, such records do not satisfy the regulatory requirements of an informal claim.  See 38 C.F.R. § 3.157(b)(1) (2000).  Accordingly, we affirm the Veterans Court.

Background

MacPhee served on active duty from June 1969 to January 1972. On November 9, 1982, the Regional Office ("RO") of the Veterans Administration ("VA")[1] awarded MacPhee service connection for post traumatic stress disorder ("PTSD") and assigned a 30% disability rating, effective July 19, 1982. Subsequently, the VA reduced MacPhee's disability rating for PTSD to 10%, effective February 1, 1986.

In August of 1988, MacPhee was hospitalized in a VA medical center due to excessive drinking and anxiety. Treatment records from that period of hospitalization reflect a clinical psychologist's opinion that "[t]he most likely diagnosis appear[ed] to be [PTSD], secondary to Vietnam," and that MacPhee had "severe problems related to [his PTSD]." The psychologist opined that "it [did] not appear likely . . . that [MacPhee would] be able to maintain sobriety unless he [was] able to deal with the symptoms of [PTSD] that he [was] experiencing." According to his discharge summary, dated in September 1988, MacPhee had been diagnosed as having PTSD and "[a]lcohol [d]ependence, [c]ontinuous."

In June and August of 1989, the RO continued the 10% disability rating for MacPhee's service-connected PTSD. Three years later, MacPhee sought an increase in his disability compensation for PTSD. The VA granted an increase to 50% and subsequently increased the disability rating for PTSD to 100%, effective April 20, 1992.

In October 1997, MacPhee contended to the VA that, among other things, he was entitled to a decision "based upon the unadjudicated informal claim raised by the [1988 VA medical records] for . . . entitlement to alcohol [dependence] as secondary to

---

[1] Now the Department of Veterans Affairs.

[his] service[-]connected [PTSD]."[2] The RO denied MacPhee's claim, and he appealed to the Board. The Board similarly denied MacPhee's claim and noted that "there was neither a prior allowance nor a disallowance for the condition [of alcohol dependence] at the time of the completion of the 1988 medical records" and that the records thus could not "constitute an informal claim under [38 C.F.R. § 3.157]."

MacPhee appealed this decision to the Veterans Court, which affirmed the Board's decision. Relevant to this appeal, the Veterans Court explained that "because MacPhee had not previously filed a claim for service connection for [his alcohol dependence], medical records could not constitute an informal claim under 38 C.F.R. § 3.157." MacPhee, slip op. at 7. The Veterans Court also denied McPhee's requests that the VA provide him with a second complete copy of his claims file without charge and that the entire claims file be transmitted as the record on appeal.

MacPhee challenges these determinations. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

Discussion

We must "hold unlawful and set aside any regulation or any interpretation thereof . . . relied upon in the decision of the Court of Appeals for Veterans Claims [that is] (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations or in violation of a statutory right; or (4) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

---

[2] An adjudication in MacPhee's favor on the purported informal claim could result in additional disability benefits effective August 1988 through April 1992.

05-7089                                3

At issue in this case is whether the Veterans Court correctly interpreted regulations relating to the filing of informal claims, specifically 38 C.F.R. § 3.155(a) and 38 C.F.R. § 3.157(b)(1). While both regulations govern the filing of informal claims, the types of informal claims each supports is different. Section 3.155(a) is directed to an original informal claim and requires the informal claim "identify the benefit sought" and "indicat[e] an intent to apply for one or more benefits." 38 C.F.R. § 3.155(a) (2000).[3] In addition, a formal claim form must be executed and filed within one year after it is sent by the VA to the claimant. Section 3.157(b)(1), on the other hand, is directed to an informal claim to increase or reopen a previous compensation determination and permits a medical report to be considered such an informal claim when the report relates to a disability for which service connection has previously been established. 38 C.F.R. § 3.157(b)(1).

MacPhee argues that the Veterans Court misinterpreted 38 C.F.R. § 3.157(b)(1) when it failed to remand for adjudication an alleged informal claim raised by his 1988 medical records for increased disability benefits due to alcohol dependence as secondary to service-connected PTSD. Specifically, MacPhee contends that the

---

[3]       Section 3.155(a) of Title 38 of the Code of Federal Regulations states:

> Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

38 C.F.R. § 3.155(a).

Veterans Court mistakenly applied 38 C.F.R. § 3.155 instead of § 3.157(b)(1) and argues that 38 C.F.R. § 3.157(b)(1) "effectively makes a VA medical record an informal claim." We disagree.

The Veterans Court concluded that the medical reports at issue were not sufficient to state an original informal claim under § 3.155(a), explaining that "medical evidence reflecting treatment for and diagnoses of an alcohol-related problem is not sufficient to indicate an intent to apply for secondary service connection for alcohol dependence or to identify the benefit sought." MacPhee, slip op. at 7. This determination was based on the Veterans Court's decision in Brannon v. West, 12 Vet. App. 32 (1998). In Brannon, the court held that medical evidence did not constitute an informal original claim under § 3.155(a) for secondary service connection for a psychiatric condition, because "[t]he mere presence of the medical evidence does not establish an intent on the part of the veteran to seek secondary service connection for the psychiatric condition." Id. at 35. The Veterans Court also concluded that MacPhee's medical records were not an informal claim for an increase in benefits under § 3.157(b)(1), because "MacPhee had not previously filed a claim for secondary service connection for [alcohol dependence]." MacPhee, slip op. at 7. Thus the Veterans Court did not apply § 3.155(a) instead of § 3.157(b)(1); rather it examined whether MacPhee's medical reports could be considered an informal claim under either provision.

MacPhee's argument that the Veteran's Court misinterpreted § 3.157(b)(1) appears to be based on the position that medical records can be an informal claim under § 3.157(b)(1) without first claiming service connection and benefits for the

disability disclosed in such records. This interpretation contradicts the plain language of the regulation.

An informal claim under 38 U.S.C. § 3.157(b)(1) is a claim to increase or reopen a disability determination. See 38 U.S.C. § 3.157(b)(1) (entitled "Report of examination or hospitalization as claim for increase or to reopen"). Any such informal claim must be for a condition that not only has been the subject of a prior claim, but the condition must also have been previously found to be service connected:

> (b) Claim. <u>Once a formal claim for pension or compensation has been allowed</u> or a formal claim for compensation disallowed for the reason that the service-connected disability is not compensable in degree, <u>receipt of one of the following will be accepted as an informal claim for increased benefits</u> or an informal claim to reopen. In addition, receipt of one of the following will be accepted as an informal claim in the case of a retired member of a uniformed service whose formal claim for pension or compensation has been disallowed because of receipt of retirement pay. The evidence listed will also be accepted as an informal claim for pension previously denied for the reason the disability was not permanently and totally disabling.
> (1) <u>Report of examination or hospitalization by VA or uniformed services</u>. The date of outpatient or hospital examination or date of admission to a VA or uniformed services hospital will be accepted as the date of receipt of a claim. The date of a uniformed service examination which is the basis for granting severance pay to a former member of the Armed Forces on the temporary disability retired list will be accepted as the date of receipt of claim. The date of admission to a non-VA hospital where a veteran was maintained at VA expense will be accepted as the date of receipt of a claim, if VA maintenance was previously authorized; but if VA maintenance was authorized subsequent to admission, the date VA received notice of admission will be accepted. <u>The provisions of this paragraph apply only when such reports relate to examination or treatment of a disability for which service-connection has previously been established</u> or when a claim specifying the benefit sought is received within one year from the date of such examination, treatment or hospital admission.

38 C.F.R. § 3.157(b)(1) (emphases added). Thus, on its face, this regulation makes clear that a medical examination report will only be considered an informal claim for an

increase in disability benefits if service connection has already been established for the disability.

At the time of his hospitalization in 1988, MacPhee had never filed a claim for service connection for alcohol dependence; nor had a pension or compensation otherwise been allowed or disallowed based on MacPhee's alcohol dependence being service connected. Similarly, there had been no claim or allowance or disallowance for alcohol dependency as a condition secondary to MacPhee's PTSD. Thus, we cannot say that the Veterans Court improperly interpreted 38 C.F.R. § 3.157 when it determined that MacPhee's 1988 medical records did not constitute an informal claim for increased compensation due to alcohol dependence.

MacPhee also appears to argue in this appeal that 38 C.F.R. § 3.310[4] (the regulation governing secondary conditions) together with 38 C.F.R § 3.157(b)(1) and the VA's obligation to determine all potential claims raised by the evidence can operate to create an informal claim out of a "potential claim" for increased disability due to MacPhee's alcohol dependence. Under § 3.310, a condition that is proximately caused by a service-connected condition is considered a part of the original condition. Under the regulation, proximate causation must be "established." This regulation is unavailing here because there has been no claim or determination that MacPhee's alcohol

---

[4]      In relevant part, 38 C.F.R. § 3.310(a) states:

[d]isability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition.

38 C.F.R. § 3.310(a).

dependence is "proximately due to or the result of" his PTSD.  Thus, the alcohol dependence cannot be viewed as a part of MacPhee's original claim for PTSD.

Similarly, MacPhee's assertion that the VA must give a sympathetic reading to a veteran's claim by determining all potential claims raised by the evidence is unhelpful to his cause.  Even if the medical reports are read as suggesting that MacPhee's alcohol dependence was caused by his PTSD, the reports themselves cannot be considered an informal claim for an increase in benefits due to alcohol dependence.  Again, under § 3.157(b)(1) a medical report will only be considered an informal claim "when such report[ ] relate[s] to examination or treatment of a disability for which service-connection has previously been established."  § 3.157(b)(1); see Crawford v. Brown, 5 Vet. App. 33, 35-36 (1993) (stating "[i]n the instant case, there has not been a prior allowance or disallowance of a formal claim for compensation or pension.  Therefore, the veteran's hospitalization report could not be accepted as an informal claim under 38 C.F.R. § 3.157."); see also Adjudication Procedure Manual Rewrite:  M21-MR, Part III, Subpart ii, Chapter 2, Section D "Claims Based on Reports of Examination or Hospitalization" (2004) (stating "Note:  A notice of hospitalization may not suffice as an informal claim if a veteran that is [service connected] for one disability is hospitalized for a different disability for which service connection has not been granted.").  Because there is no evidence that service connection had been claimed or established for alcohol dependence prior to the 1988 reports, we cannot say the Board misinterpreted § 3.157(b)(1).

Finally, as to MacPhee's assertion that the Veterans Court misinterpreted Rules 10 and 11 of its Rules of Practice and Procedure, we discern no reversible error in the court's decision.

Conclusion

For the reasons set forth herein, the judgment of the Veterans Court is

<u>AFFIRMED</u>.