NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7139

UGENE M. ROTH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Ugene M. Roth, of New York, New York, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Respondent-Appellee Eric K. Shinseki, Secretary of Veterans Affairs. With her on the brief were Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director. Of counsel on the brief were David Barrans, Deputy Assistant General Counsel and Christa A. Shriber, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7139

UGENE M. ROTH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0307, Judge Lawrence B. Hagel.

_____

DECIDED: December 16, 2009

_____

Before NEWMAN, BRYSON, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Ugene M. Roth appeals from a judgment of the United States Court of Appeals for Veterans Claims ("the Veterans Court"), which affirmed a decision of the Board of Veterans' Appeals denying an earlier effective date for the award of benefits for post-traumatic stress disorder ("PTSD"). We <u>affirm</u>.

BACKGROUND

Mr. Roth served in the United States Army from October 1968 to May 1970. On April 22, 1993, Mr. Roth submitted a claim for benefits for PTSD from which he claimed to have suffered since the 1970s. Service connection was granted by a regional office of the Department of Veterans Affairs ("DVA") in 1994. Mr. Roth was assigned a 30 percent disability rating effective April 22, 1993, the date of his claim. He appealed from the assigned disability rating and successfully obtained an increased rating of 100 percent.

Mr. Roth appealed again with respect to the effective date assigned to his grant of benefits. While that appeal was pending, the DVA General Counsel determined that the agency's recognition of PTSD as a mental disorder in 1980 was a "liberalizing VA issue." DVA Op. Gen. Counsel Prec. 26-97 (1997). The regulation applicable in the event of a "liberalizing law or a liberalizing VA issue," 38 C.F.R. § 3.114(a), provides for payment of retroactive benefits for a period of up to one year. When a veteran such as Mr. Roth requests review of his claim more than one year after the effective date of the liberalizing VA issue, retroactive payments are authorized for one year prior to the receipt of his claim. Id. § 3.114(a)(3).[1] Accordingly, in February 2000 the regional office extended Mr. Roth's effective date back by one year to April 22, 1992.

---

[1] When a claim is reviewed within one year after the effective date of the liberalizing law or VA issue, either on the initiative of the DVA or at the request of the claimant, benefits are authorized from the effective date of the law or VA issue in question. 38 C.F.R. § 3.114(a)(1). When a claim is reviewed on the initiative of the DVA more than one year after the effective date of the law or VA issue in question, benefits may be authorized for a period of one year prior to the date of administrative determination of entitlement. Id. § 3.114(a)(2).

Mr. Roth continued to press his argument on appeal that a claim was filed regarding his PTSD as early as 1979 or 1980 and that the effective date of his benefits should be adjusted accordingly. The Board ultimately denied that claim in January 2007 after several remands to the regional office for factual investigation. The Board considered three pieces of evidence submitted by Mr. Roth: (1) a DVA Form 10-7978a dated September 1980 and containing a social worker's report; (2) a DVA Form 10-7131 dated February 1979 and entitled "Exchange of Beneficiary Information and Request for Administrative and Adjudicative Action"; and (3) an undated DVA identification card with Mr. Roth's file number for benefits. The Board first dismissed Mr. Roth's argument that he had filed a formal claim with the social worker. Mr. Roth conceded that he had no documentary evidence of such a claim, but he argued that the pertinent documents must have been lost or destroyed by the agency. The Board held that the DVA was entitled to a presumption of regularity in the absence of clear and convincing evidence to the contrary, and that Mr. Roth had presented no rebutting evidence for how that documentation might have disappeared. The Board then ruled that none of the three documents could be considered an informal claim under 38 C.F.R. § 3.155(a) because they did not reflect an intent to apply for benefits nor did they identify a specific benefit sought. Because the Board found that those documents provided no support for a claim filing date earlier than April 22, 1993, it held that the benefit-of-the-doubt doctrine under 38 U.S.C. § 5107(b) and 38 C.F.R. § 3.102 did not apply to its consideration of the issue before it.

The Veterans Court affirmed, holding that the Board's conclusions regarding the three documents constituted findings of fact that were not clearly erroneous. The

Veterans Court also held that the Board did not err in refusing to apply the benefit-of-the-doubt doctrine, because that doctrine applies only when there is an approximate balance of positive and negative evidence, whereas all of Mr. Roth's evidence as to whether he had filed a claim earlier than April 22, 1993, was effectively discounted by the Board as either negative or speculative evidence.

DISCUSSION

Mr. Roth raises a number of arguments in support of his assertion that a claim for PTSD was filed prior to April 22, 1993.

First, he argues that when the Board extended his effective date by one year pursuant to 38 C.F.R. § 3.114(a), it made a factual finding that he met all of the required criteria for service connection in 1980. That determination, Mr. Roth contends, should have been binding as a matter of res judicata on the issue of whether he filed a claim for benefits at that time.

Mr. Roth's res judicata argument fails because the question whether a veteran's disability is service connected is distinct from whether a claim for benefits has been filed. See MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (medical records reflecting diagnosis and treatment are not sufficient to state a claim for benefits). Mr. Roth contends that meeting the required eligibility criteria for service connection as of 1980 "supports [his] testimony of the events surrounding 1980." While the Board is entitled to take Mr. Roth's medical diagnosis into consideration in assessing the overall credibility of his testimony, the diagnosis itself does not establish that he filed a claim for benefits in 1980.

Second, Mr. Roth disputes the Board's reliance on the "presumption of regularity," which he attacks as unreasonable because it implies that the DVA never loses or misplaces documents, and because the DVA has acknowledged (according to Mr. Roth) "the systematic shredding of vital documents in veterans claims." Both the Board and the Veterans Court correctly stated that the DVA is entitled to a presumption of regularity "in the absence of clear evidence to the contrary." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926); Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001). As the Veterans Court explained, the "presumption of regularity does not presume that the DVA never loses claims forms." Rather, it simply places the burden of proof on the claimant to provide clear evidence of such loss when that is the basis for the claimant's case. Here, Mr. Roth produced no evidence, let alone clear evidence, to explain the absence of documentation of the formal claim that he alleges was filed or should have been filed by the social worker.

Third, Mr. Roth asserts that the Board erred in refusing to grant him the benefit of the doubt, as required by the statutory "benefit of the doubt" rule, codified at 38 U.S.C. § 5107(b), and the implementing regulation, 38 C.F.R. § 3.102. Both the statute and the regulation state that reasonable doubt shall be resolved in favor of the claimant, and the regulation adds that "reasonable doubt" exists when there is "an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim." 38 C.F.R. § 3.102. The doctrine is triggered only when the evidence in the case is evenly balanced. It does not apply when, as here, the Board is persuaded that the claimant has failed to prove his case. Hauck v. Nicholson, 403 F.3d 1303, 1306-07 (Fed. Cir. 2005); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001).

As to whether the Board erred in finding Mr. Roth's evidence unpersuasive, this court may not review a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2). Accordingly, we lack jurisdiction to weigh the evidence as it pertains to the three documents Mr. Roth presented in support of his case. Thus, we may not consider whether the notations on the social worker's report from September 1980 indicated an intention by the social worker to file a claim on Mr. Roth's behalf, whether the earlier 10-7131 Form dated February 1979 provided support for an already-filed PTSD claim or was solely an information-gathering document, and whether the undated identification card was issued for a PTSD claim rather than a 1971 claim for educational benefits. In each instance, the Board found that the weight of the evidence failed to support the contention that a claim for PTSD benefits was filed prior to April 22, 1993. The Veterans Court affirmed those factual determinations, and those fact-based decisions are not within our jurisdiction to review.