﻿Citation Nr: AXXXXXXXX
Decision Date: 03/21/19 Archive Date: 03/21/19

DOCKET NO. 181218-1749
DATE: March 21, 2019

ORDER

Entitlement to an effective date of June 8, 2016, but no earlier, for the grant of a total rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

While the Veteran did not submit a claim, either formal or informal, for a TDIU earlier than June 8, 2017, his service-connected disabilities as a whole preclude substantially gainful employment at all times from June 8, 2016.

CONCLUSION OF LAW

The criteria for an effective date of June 8, 2016, but no earlier, for the award of a TDIU have been met. 38 U.S.C. §§ 1155, 5107, 5110, 7105; 38 C.F.R. §§ 3.1, 3.102, 3.151, 3.155, 3.157, 3.321, 3.340, 3.341, 3.400, 4.16. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty with the United States Army from October 2010 to February 2014.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

In May 2018, the Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Earlier Effective Date Claim

The Veteran asserts, in substance, that he is entitled to a TDIU at all times since March 1, 2014, because he was 80 percent disabled since that time and his service-connected disabilities prevented employment since that time.

Generally, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim, or the date entitlement arose, whichever is later. See 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

The effective date of an award of disability compensation shall be the day following separation from service or the date entitlement arose if the claim is received within one year of separation, otherwise the date of claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(b); 38 C.F.R. § 3.400(b)(2). 

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). 

While the laws and regulations governing what is a “claim” or “application” for VA benefits have since been changed, during the time period covered by this appeal, the term “claim” or “application” meant a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). Any communication or action indicating intent to apply for one or more benefits under the laws administered by VA, from a veteran or his representative, may be considered an informal claim. Such informal claim must identify the benefit sought. 

In this regard, it is well settled that intent to apply for benefits is an essential element of any claim, whether formal or informal, and, further, the intent must be communicated in writing. See MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have an intent to file a claim for VA benefits); Rodriguez v. West, 189 F.3d 1351, 1353 (Fed. Cir. 1999) (noting that even an informal claim for benefits must be in writing). 

Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the veteran, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155. 

For an increase in disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability had occurred if claim is received within 1 year from such date otherwise, date of receipt of claim. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(o)(2); see also Hazan v. Gober, 10 Vet. App. 511 (1997); Servello v. Derwinski, 3 Vet. App. 196 (1992).

In VAOPGCPREC 12-98 (Sept. 23, 1998), General Counsel noted that 38 C.F.R. § 3.400(o)(2) was added to permit payment of increased disability compensation retroactively to the date the evidence establishes the increase in the degree of disability had occurred. That section was intended to be applied in those instances where the date of increased disablement can be factually ascertained with a degree of certainty. It was noted that this section was not intended to cover situations where disability worsened gradually and imperceptibly over an extended period of time. 

With the above criteria in mind, the Board finds as did the RO that the Veteran’s June 8, 2017, VA 21-526EZ, Fully Developed Claim, acts as his formal claim for a TDIU as defined by 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. 

The Board will next see if the record contains an earlier informal claim. In this regard, while the record includes a number of earlier writings from the Veteran as well as medical records, the Board finds that none of the pre-June 8, 2017, records act as an earlier informal claim for a TDIU because none indicates an intent to apply for one or more benefits under the laws administered by VA (i.e., a TDIU). 38 U.S.C. § 5110; 38 C.F.R. §§ 3.157, 3.400; MacPhee, super.

Given the Court’s holding in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Board will next see if the record contains an earlier rating claim which acts an earlier claim for a TDIU. 

In this regard, a review of the record on appeal reveals that there are only two earlier rating decisions, both dated in September 2014, and in these decisions the regional office (RO) granted the Veteran service connection for a number of disabilities and awarded him a combined 80 percent rating effective from March 1, 2014. However, the Veteran did not thereafter appeal any of the ratings assigned by the September 2014 rating decisions. See 38 C.F.R. §§ 20.200, 20.302(c) (an appeal requires a notice of disagreement and a timely filed substantive appeal after issuance of a statement of the case). 

The Board also finds that new and material evidence was not received by the RO in the first year following the issuance of the September 2014 rating decisions. See 38 C.F.R. § 3.156(b). 

A review of the record on appeal does show that the RO associated with the record VA treatment records after the time to appeal the September 2014 rating decisions had run but which were created during the one-year appeal period. However, the Board finds that the RO did not have knowledge of the existence of these VA treatment records during the one-year appeal period. See Turner v. Shulkin, 29 Vet. App. 207 (2018). Additionally, the Board finds that, even if it did, the VA treatment records are not new and material evidence. Id. 

Lastly, the Board finds that it cannot adjudicate whether there was CUE in either September 2014 rating decision because the Veteran has never made such a claim and the issue has not previously been adjudicated by the RO. See 38 C.F.R. §§ 20.200, 20.202, 20.302. 

Accordingly, the Board finds that the September 2014 rating decisions are final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103.

Consequently, even considering the Court’s holding in Rice, supra, the Board finds that the record does not contain on earlier rating claim which acted as an earlier claim for a TDIU. 

Next, because the effective date for an increased rating can be up to one year prior to receipt by the RO of the claim for an increased rating, the question remaining for the Board to consider is whether there is a “factually ascertainable” worsening of his symptoms at any time in the one-year period prior to June 8, 2017. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(o)(2); VAOPGCPREC 12-98.

In this regard, total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. If the total rating is based on a disability or combination of disabilities for which the Schedule for Rating Disabilities provides an evaluation of less than 100 percent, it must be determined that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age. 38 C.F.R. § 3.341. 

If the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the Veteran is unable to secure or follow a substantially gainful occupation as a result of a service-connected disability, provided that the Veteran has one service-connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. 

In calculating if the Veteran met the above schedular criteria VA combines the Veteran’s service connected orthopedic disorders. The existence or degree of non-service connected disabilities will be disregarded if the above-stated percentage requirements are met and the evaluator determines that the Veteran’s service-connected disabilities render him incapable of substantial gainful employment. 38 C.F.R. § 4.16(a). 

A TDIU may be assigned where the schedular rating is less than total if a veteran is unable to secure or follow a substantially gainful occupation as a result of service- connected disabilities. 38 C.F.R. § 4.16(a). Generally, total disability will be considered to exist when there is present any impairment of mind or body that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340. Further, marginal employment, defined as an amount of earned annual income that does not exceed the poverty threshold determined by the United States Department of Commerce, Bureau of the Census, shall not be considered substantially gainful employment. 38 C.F.R. § 4.16(a); see also Faust v. West, 13 Vet. App. 342, 356 (2000). 

At all times in the one-year period prior to June 8, 2017 (i.e., since June 8, 2016), the Veteran was service-connected for a major depressive disorder rated as 50 percent disabling, a back disability rated as 40 percent disabling, tinnitus rated as 10 percent disabling, right leg radiculopathy rated as 10 percent disabling, left leg radiculopathy rated as 10 percent disabling, right shin splints rated as noncompensable, left shin splints rated as noncompensable, and hypertension rated as noncompensable. The Board also finds that the Veteran’s service-connected back disability and radiculopathy have a common etiology. See 38 C.F.R. § 4.16(a)(2). Therefore, the Board finds that his disabilities meet the schedular criteria set forth in 38 C.F.R. § 4.16(a) at all times since June 8, 2016. 

Thus, the question for the Board to consider is when, if ever, his service-connected disabilities render him incapable of substantial gainful employment in the one-year period prior to June 8, 2017 (i.e., since June 8, 2016). 38 C.F.R. § 4.16(a). 

In this regard, in his June 2017 VA Form 21-8940, Veterans Application for Increased Compensation Based on Unemployability, the appellant reported that his service connected psychiatric disorder, back disability, and bilateral radiculopathy caused him to be too disabled to secure and follow any substantial occupation as well as stopped him from working full-time since February 28, 2014. As to his employment history, the Veteran reported that he had not been able to work full-time since he separated from the Army. In this regard, the Board notes that service records list his occupational specialty as Infantryman. Since service, the Veteran reported that he worked 20 hours a week from June 2014 to July 2014 for Xerox in tech support, he worked 10 hours a week from October 2014 to August 2016 delivering pizza, and he worked 20 hours a week from September 2016 to December 2016 as a data analysis. The Veteran also notified VA that he left his last employment because of the problems caused by his service-connected disabilities. As to his education history, the Veteran reported he had 4 years of college.

Significantly, while the Veteran’s has 4-years of college and some experience working in tech support and data analysis, the Board finds that the preponderance of the evidence shows that his service-connected major depressive disorder adversely impacts his ability to focus on complex tasks as well as being able to effectively communicate with others in the workplace and would thereafter prevent him from obtaining and maintaining substantial gainful employment in his earlier occupations (i.e., tech support and data analysis) or in any other non-physically demanding occupation in the one-year period prior to June 8, 2017 (i.e., since June 8, 2016). See Geib v. Shinseki, 733 F.3d 1350 (Fed. Cir. 2013) (holding that the determination of whether a Veteran is unable to secure or follow a substantially gainful occupation due to service-connected disabilities is a factual rather than a medical question and that it is an adjudicative determination properly made by the Board or the RO).

As to working for the first time at a physically demanding occupation, such as construction, while the record shows he has 4-years of experience as an infantryman, the record does not show that the appellant had ever received training for such an occupation or had ever worked in such an occupation. Moreover, the Board finds that his service-connected major depressive disorder would make it unsafe for him and others to work in construction or another physically demanding occupations because his service-connected disabilities would interfere with working with others and his service-connected back disability, bilateral radiculopathy, and bilateral shin splints would make it extremely difficult to carry out the physical demand of such employment in the one-year period prior to June 8, 2017 (i.e., since June 8, 2016). See Geib, supra.

Given the above, the Board finds the most probative evidence of record shows that since June 8, 2016, the Veteran’s service-connected disabilities would prevent him from securing or following a “substantially gainful” occupation given the impact his major depressive disorder would have on working in a sedentary work setting and the collective impact his major depressive disorder, back disability, bilateral radiculopathy, and bilateral shin splints would have on working for the first time in a physically demanding work setting. See Owens, supra.

Therefore, the Board finds that the most probative evidence of record shows that the appellant’s service-connected disabilities rendered the Veteran incapable of substantial gainful employment since June 8, 2016. 

(Continued on the next page)

 

The Board therefore finds that it was factually ascertainable that the criteria for a TDIU have been met at all times in the one-year period prior to June 8, 2017 (i.e., since June 8, 2016). 38 U.S.C. § 5110; 38 C.F.R. §§ 3.400(o)(2); 4.16(a); Fenderson v. West, 12 Vet. App. 119, 125-26 (1999); VAOPGCPREC 12-98. Given the above, the Board finds that that the Veteran is entitled to an effective date of June 8, 2016, but not earlier, for the award of a TDIU.

 

JOHN J CROWLEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Neil T. Werner, Counsel