﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210107-135732
DATE: April 30, 2021

ORDER

Entitlement to an effective date prior to May 11, 2011, for the award of service connection for posttraumatic stress disorder (PTSD) is denied.

REMANDED

Entitlement to an initial disability rating in excess of 50 percent for PTSD is remanded.

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

FINDING OF FACT

The Veteran’s claim for entitlement to service connection for PTSD was received by the Regional Office (RO) on May 11, 2011.

CONCLUSION OF LAW

The criteria for an effective date prior to May 11, 2011, for the award of service connection for PTSD are not met. 38 U.S.C. §§ 5107, 5110, 5121; 38 C.F.R. §§ 3.102, 3.151, 3.155, 3.160, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1963 to October 1967.

The decision on appeal was issued in May 2020 and constitutes an initial decision; therefore, the modernized review system applies. In the January 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

Effective Date

In general, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. The amendments also, inter alia, eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen. See 79 Fed. Reg. 57,660 (Sept. 25, 2014), codified as amended at 38 C.F.R. §§ 3.151, 3.155 (2016). The amended regulations, however, apply only to claims filed on or after March 24, 2015. Because this claim was initiated prior to that date, the former regulations apply.

In some cases, a report of examination or hospitalization may be accepted as an informal claim for benefits. 38 C.F.R. § 3.157(b) (2014). The date of outpatient or hospital examination or date of admission to a VA hospital will be accepted as the date of receipt of a claim when such reports relate to examination or treatment of a disability for which service connection has previously been established or when a claim specifying the benefit sought is received within one year from the date of such examination, treatment or hospital admission. 38 C.F.R. § 3.157(b) (2014).

After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. If the evidence for and against a claim is in equipoise, then the claim will be granted. A claim will be denied only if the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990).

The evidence below focuses on the most salient and relevant evidence and on what this evidence shows or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. See Timberlake v. Gober 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran.

1. Entitlement to an effective date prior to May 11, 2011, for the award of service connection for PTSD

The Veteran contends that he should be granted an earlier effective date than May 11, 2011, for the award of service connection for his PTSD.

The Veteran filed a claim for PTSD on May 11, 2011. In a March 2013 rating decision, the RO denied the Veteran’s claim. The Veteran filed a Notice of Disagreement in June 2013 and a Statement of the Case was issued in January 2016. The Veteran perfected his appeal to the Board and the issue was remanded in September 2018 for an examination to determine the nature and etiology of his PTSD. In March 2020, the RO granted service connection for PTSD with a 50 percent disability rating from May 11, 2011, the date of his claim.

As an initial matter, the Board notes that the Veteran did not file a claim within one year after separation from service. Therefore, he is not entitled to an effective date from the day following separation from military service. 

The Board has thoroughly reviewed the evidence of record to determine if the Veteran filed a claim, an informal claim, or expressed a written intent to file a claim for service connection for PTSD prior to May 11, 2011. 

The Board notes that even if medical records related to PTSD were associated with the claim prior to May 11, 2011, such records cannot constitute an informal claim under 38 C.F.R. § 3.155, because treatment records alone do not indicate an intent to apply for service connection benefits. 38 C.F.R. § 3.155(a). Although 38 C.F.R. § 3.157(a) provides for a report of examination or hospitalization by VA to be accepted as an informal claim for benefits (without any indication of intent to apply for benefits) in certain instances, none of these instances are applicable here. As previously mentioned, the mere mention of a condition in a medical record alone cannot be construed as a claim for service connection. See MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006).

Based on the foregoing, the Board finds that the VA received a formal or informal claim for PTSD on May 11, 2011. As previously noted, an effective date is assigned based on the date of the claim or the date entitlement arose, whichever is later. In the present case, even if entitlement arose prior to May 11, 2011, the date of the Veteran’s claim is the latter of the two dates. 

The Board acknowledges that the Veteran’s claim regarding an increased rating for his PTSD is being remanded, in part, to obtain a new examination. However, the issue of an earlier effective date for the award of service connection for the Veteran’s PTSD is not intertwined with the issue being remanded. Any additional development regarding the Veteran’s increased rating claim would not affect the Veteran’s effective date for the grant of service connection for his PTSD. Therefore, the Board finds no prejudice to the Veteran in proceeding with a decision on this claim. 

Accordingly, the Board concludes that May 11, 2011, is the proper effective date for the award of service connection for PTSD and the claim for an earlier effective date must be denied. In reaching this conclusion, the benefit of the doubt doctrine was considered. However, as a preponderance of evidence is against the claim, this doctrine is not for application. See 38 U.S.C. § 5107 (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 38 U.S.C. § 5107(b).

REASONS FOR REMAND

1. Entitlement to an initial disability rating in excess of 50 percent for PTSD

The Veteran contends that his PTSD is more severe than what is represented by the current rating.

The Veteran was most recently provided with a VA PTSD examination in August 2019 where he was noted to have feelings of detachment and estrangement from others, persistent inability to experience positive emotions, hypervigilance, exaggerated startle response, sleep disturbance, depressed mood, anxiety, suspiciousness, chronic sleep impairment, mild memory loss, disturbances of motivation and mood, and difficulty adapting to stressful circumstances.

In a February 2020 statement, the Veteran stated that his PTSD symptoms have worsened. He indicated that he has been having difficulty making decisions, has daily mood swings, panic attacks once or twice weekly, thoughts of hurting himself, recent issues with his memory, and a lack of motivation to shower.

The Board is cognizant that the Veteran was provided with a private psychological evaluation in February 2020. However, this evaluation considered the Veteran’s diagnoses for PTSD and major depressive disorder (MDD) in evaluating his symptoms. The Board notes that the Veteran has not been awarded service connection for MDD. In a June 2019 rating decision, the RO denied service connection for depression and anxiety. Although the February 2020 private medical opinion found that the Veteran’s MDD is related to his service and secondary to his PTSD, the opinion was not supported by any rationale. As the February 2020 private examiner considered the diagnosis of MDD in evaluating the Veteran’s symptoms, the Board cannot use the evaluation in determining the current severity of his PTSD. 

Accordingly, the issue of entitlement to an initial disability rating in excess of 50 percent for PTSD is remanded to correct a duty to assist error that occurred prior to the May 2020 rating decision on appeal. As the evidence of record indicated a worsening of the Veteran’s PTSD, he should have been provided with a new VA examination to ascertain the current severity and manifestations of his disability.

2. Entitlement to a TDIU

The Veteran contends that his service-connected disabilities prevent him from being employed. See December 2018 VA Form 21-8940. As such, the Board finds that the issue of entitlement to a TDIU has been raised by the record and has therefore been added to the appeal. See Rice v. Shinseki, 22 Vet. App. 447, 453, 54 (2009). 

The record reveals that the Veteran last worked full time in 2012. See December 2018 VA Form 21-8940. However, the Veteran’s most recent employer responded to a request for employment information in February 2019 and indicated that he last worked in August 2014. The Veteran was noted to work 30 hours weekly and made $410.78 as his last payment. See February 2019 VA Form 21-4192.

Accordingly, the issue of entitlement to a TDIU is remanded to correct a duty to assist error that occurred prior to the May 2020 rating decision on appeal. The evidence of record indicates that the Veteran last worked part time in August 2014, and it is not clear whether he was earning an income in excess of the poverty threshold. As such, the Veteran should have been provided with an opportunity to submit more accurate information about his earnings in order to determine if his part time employment income is or should be considered marginal in nature.

The matters are REMANDED for the following action:

1. Ask the Veteran to submit an earnings statement from the Social Security Administration reflecting his income for each year from 2011 to 2014. He is advised that this information is crucial to considering his TDIU claim.

2. Schedule the Veteran for an examination by an appropriate clinician to determine the current severity of his service-connected PTSD. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner must attempt to elicit information regarding the severity, frequency, and duration of symptoms. 

The examiner should identify all limitations or functional impairment caused solely by the Veteran’s PTSD.

(Continued on the next page)

A fully articulated medical rationale for any opinion expressed must be set forth in the medical report. The examiner should discuss the particulars of this Veteran’s medical history and the relevant medical science as applicable to this case, which may reasonably explain the medical guidance in the study of this case.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Morrad, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.