Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200507-82463
DATE: August 31, 2021

ORDER

Entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for left lower extremity radiculopathy (femoral nerve) is denied.

Entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for right lower extremity radiculopathy (femoral nerve) is denied.

REMANDED

Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD), alcohol use disorder, bipolar disorder, and other specified depressive disorder, to include as secondary to service-connected disabilities, is remanded.

FINDINGS OF FACT

1. The Veteran did not file a separate claim for service connection for left lower extremity radiculopathy (femoral nerve) and the earliest date it is factually ascertainable that the Veteran was diagnosed with this disability was September 20, 2019.

2. The Veteran did not file a separate claim for service connection for right lower extremity radiculopathy (femoral nerve) and the earliest date it is factually ascertainable that the Veteran was diagnosed with this disability was September 20, 2019.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for left lower extremity radiculopathy (femoral nerve) have not been met. 38 U.S.C. §§ 5110 (b); 38 C.F.R. §§ 3.155, 3.400.

2. The criteria for entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for right lower extremity radiculopathy (femoral nerve) have not been met. 38 U.S.C. §§ 5110 (b); 38 C.F.R. §§ 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service in the United States Army from July 1978 to July 1981.

The Board notes that the rating decision on appeal was issued in April 2020 and is subject to the Appeal Modernization Act (AMA). 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2. The Veteran timely appealed this rating decision to the Board in May 2020 and requested direct review of the evidence.

In the April 2020 AMA decision, the agency of original jurisdiction (AOJ) notes a diagnosis for mental disability. The Board notes that it is bound by these favorable findings. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104 (c)). 

In Clemons v. Shinseki, the United States Court of Appeals for Veterans Claims (Court) held that, in determining the scope of a claim, the Board must consider the claimant's description of the claim, symptoms described, and the information submitted or developed in support of the claim. 23 Vet. App. 1, (2009). In this case, the Veteran seeks service connection for bipolar condition (claimed as mental condition); however, the treatment records also show other psychiatric disorders such as PTSD, alcohol use, and depression. Therefore, the Board has recharacterized the issue as entitlement to an acquired psychiatric disorder, to include PTSD, alcohol use disorder, bipolar disorder, and other specified depressive disorder.

The Board notes that the issue of entitlement to an earlier effective date for the grant of service connection for degenerative arthritis of the spine was not properly appealed in the May 2020 VA Form 10182 because a January 2020 Request for Higher Level Review was still pending, which the Agency of Original Jurisdiction (AOJ) had not yet adjudicated, and therefore the issue was therefore not properly before the Board. The Board also recognizes that in a May 2021 rating decision, the AOJ granted an earlier effective date for the grant of service connection for degenerative arthritis of the spine effective March 4, 2015, the date of claim. Hence, the Veteran is hereby notified that he may still appeal the May 2021 rating decision to the Board if he disagrees with the assigned effective date for his back disability.

The Board acknowledges correspondence from the Veteran's representative dated August 2, 2021, with the subject "Motion to Withdraw from Representation." See August 2021 Correspondence. A Certification of Appeal dated June 2020 establishes that the claim was certified to the Board. See 38 C.F.R. § 19.35. In this regard, 38 C.F.R. § 20.6 (a)(2) (formerly 38 C.F.R. § 20.608 (b)(2) (2018)) governs motions to withdraw as representative after certification to the Board and provides that a representative may not withdraw representation without good cause shown on motion, accompanied by a "signed statement certifying that a copy of the motion was sent by first-class mail, postage prepaid, to the appellant, setting forth the address to which a copy was mailed." See 38 C.F.R. § 20.6 (a)(2). Hence, counsel indicated that representation was not feasible due to extended illness or incapacitation of an agent, failure of appellant to cooperate with proper preparation and presentation of the appeal; and other factors which make continuation of representation impossible, impractical, or unethical. However, the Board finds that counsel simply restated examples of good cause outlined in 38 C.F.R. § 20.6 (a) and therefore is unclear under which circumstances representation is unfeasible. Furthermore, while counsel certified that a copy of the withdrawal motion was sent to the appellant's most recent address on August 2, 2021, it is also unclear if it was sent by first-class mail, postage pre-paid, as required under the provisions of 38 C.F.R. § 20.6 (a). As such, the Board finds that counsel has not provided sufficient good cause for withdrawal pursuant to 38 C.F.R. § 20.6 (a)(2), and the motion is therefore denied.

 Effective Date Claims

The effective date of an award of disability compensation shall be the day following separation from service or the date entitlement arose if the claim is received within one year of separation, otherwise the date of claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (b); 38 C.F.R. § 3.400 (b)(2). 

Furthermore, 38 C.F.R. § 3.156 (c) provides, in part, as follows:

(3) An award made based all or in part on the records identified by [38 C.F.R. § 3.156 (c)(1)] is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later, or such other date as may be authorized by the provisions of this part applicable to the previously decided claim.

(4) A retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the service department must be supported adequately by medical evidence. Where such records clearly support the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly, except as it may be affected by the filing date of the original claim.

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101 (a); 38 C.F.R. § 3.151 (a). 

As to claims filed before March 24, 2015, the term "claim" or "application" means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1 (p). 

Before March 24, 2015, the term "claim" or "application" meant a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1 (p). Any communication or action indicating intent to apply for one or more benefits under the laws administered by VA, from a clamant or her representative, may be considered an informal claim. Such informal claim must identify the benefit sought. 

In this regard, it is well settled that intent to apply for benefits is an essential element of any claim, whether formal or informal, and, further, the intent must be communicated in writing. See MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have an intent to file a claim for VA benefits); Rodriguez v. West, 189 F.3d 1351, 1353 (Fed. Cir. 1999) (noting that even an informal claim for benefits must be in writing). 

Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the clamant, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155.

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA's adjudication regulations be filed on a standard form. The amendments also, inter alia, eliminate the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims to reopen. See 79 Fed. Reg. 57,660 (Sept. 25, 2014), codified as amended at 38 C.F.R. §§ 3.151, 3.155. The amended regulations, however, apply only to claims filed on or after March 24, 2015. Because the Veteran's claims were received by VA after that date, the current regulations apply.

Unless specifically provided otherwise, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110 (a). The Board notes that there have been significant changes to the language of 38 U.S.C. § 5110. However, whether the issues are viewed as an initial claim, an original claim, a claim to reopen or a supplemental claim, the result is the same in this case. The effective dates in this case are no earlier than the date of receipt of the intent to file on a standard VA form for the radiculopathy of the left upper and left lower extremities.

A claim is defined as a communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a specific benefit under the laws administered by VA submitted on an application form prescribed by the Secretary. 38 C.F.R. § 3.1 (p). 

The effective date for an increase will typically be the date of receipt of claim, or date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (o)(1). However, for an increase in disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in disability had occurred if claim is received within one year from such date; otherwise, the effective date will be the date of receipt of claim. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (o)(2). For earlier effective date increased rating claims, if the increase occurred within one year prior to the claim, the increase is effective as of the date the increase was "factually ascertainable." Harper v. Brown, 10 Vet. App. 125 (1997); 38 C.F.R. § 3.400 (o)(2); VAOPGCPREC 12-98 (Sept. 23, 1998).

1. Entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for left lower extremity radiculopathy (femoral nerve). 

2. Entitlement to an earlier effective date prior to September 20, 2019 for the grant of service connection for right lower extremity radiculopathy (femoral nerve). 

The Veteran contends that he is entitled to an earlier effective date of March 4, 2015, the date from which his back claim has been continuously prosecuted, for the award of service connection for bilateral lower extremity radiculopathy associated with degenerative arthritis of the spine. 

The current effective date for the award of service connection for bilateral lower extremity radiculopathy associated with degenerative arthritis of the spine is September 20, 2019.

The Veteran was awarded service connection for bilateral lower extremity radiculopathy associated with degenerative arthritis of the spine in the April 2020 rating decision. The Veteran did not file a separate claim to these disabilities, rather, they were found as secondary to his degenerative arthritis of the spine based on findings in the September 20, 2019 VA back examination. The effective date of September 20, 2019 is the date on which it was factually discernible that the Veteran's bilateral lower extremity radiculopathy had been diagnosed.

A review of the medical evidence of record indicates that in July 2016 the Veteran complained of right knee pain but specifically denied radiating/radicular symptoms and numbness or tingling. See January 2017 CAPRI. The March 2015, March 2019, and July 2019 VA back examinations do not demonstrate evidence of radiculopathy. The Veteran's medical record does not indicate he was diagnosed with bilateral lower extremity radiculopathy prior to the September 2019 VA back examination. Even if he were, because the grant of service connection was inferred from his claim for a back disability which was received on March 4, 2015, that would be the earliest effective date for the grant of service connection for bilateral lower extremity radiculopathy. Between March 4, 2015 and September 20, 2019, the Veteran's record does not indicate he was diagnosed with bilateral lower extremity radiculopathy.

In conclusion, the Board is precluded from assigning an effective date prior to September 20, 2019 for the grant of service connection for bilateral lower extremity radiculopathy. Accordingly, the preponderance of the evidence is against the claim for an effective date earlier than September 20, 2019. As the preponderance of the evidence weighs against the claim, the benefit-of-the-doubt doctrine does not apply. See 38 U.S.C. § 5107.

REASONS FOR REMAND

1. Entitlement to service connection for an acquired psychiatric disability, to include PTSD, alcohol use disorder, bipolar disorder, and other specified depressive disorder, to include as secondary to service-connected disabilities, is remanded.

The Veteran contends that his psychiatric disability is secondarily related to his service-connected disabilities, to include tinnitus and physical conditions. See July 2019 VA Form 20-0995 and January 2020 VA Form 20-0996.

The most recent VA mental examination in September 2019 demonstrates diagnoses for PTSD, alcohol use disorder, bipolar disorder mixed with mood-congruent psychotic features, and other specified depressive disorder and a significant overlap between the multiple diagnoses. The examination also demonstrates the diagnosed disabilities result in occupational and social impairment with reduced reliability and productivity; and reflects the Veteran's reports of difficulties interacting with others during service and the use of heavy alcohol and drug abuse to mask his mental health issues, and that he did not fully understand his mental issues until 2012/2013 by VA doctors. The examiner provided a negative nexus opinion and concluded there was no objective evidence that the Veteran's bipolar disorder manifested from tinnitus, and therefore less likely than not proximately due to or the result of the service-connected tinnitus. 

The Board finds that the September 2019 VA examination and opinion is inadequate. First, the examination demonstrates a diagnosis for PTSD pursuant to the criteria of the DSM-V but it is unclear what exactly the Veteran's stressor(s) are, if there has been any development in gathering evidence of these stressor(s) and if the current diagnosis for PTSD is based on verified stressors. Second, the secondary service connection opinion regarding proximate causation is inadequate as it is not supported by a sufficient rationale. Furthermore, an opinion addressing aggravation by the service-connected tinnitus was not provided. Lastly, the Veteran has asserted that his depression is secondary to his service-connected physical conditions. As such, further development is needed for the acquired psychiatric disabilities, particularly regarding the PTSD finding, and to obtain adequate secondary service connection opinions in order to address all theories of the Veteran's service connection claim. 

The matter is REMANDED for the following actions:

1. Provide the Veteran an opportunity to fully develop his claim for PTSD, to include detailed information regarding stressor events surrounding his claim for PTSD. 

2. Contact the appropriate records repositories to confirm any stressors identified by the Veteran. Inform any appropriate records repositories that if there are no records to confirm or deny the Veteran's depiction of the events, the record repository must provide written documentation to the agency of original jurisdiction (AOJ) to that effect.

If unable to verify that the Veteran was exposed to said stressors during service, the AOJ must prepare a formal memorandum to this effect, which outlines the steps they took to verify the alleged stressors and responses received, to specifically include responses from any record repositories. The Veteran must be notified of this finding and then be given an opportunity to respond.

Include all requests and responses in the claims file.

3. After development of the above, schedule the Veteran for a VA examination by a qualified clinician to address the nature and etiology of the Veteran's acquired psychiatric disability, to include PTSD, alcohol use, bipolar disorder, and depression.

The examiner must review the claims file, including a copy of this remand, and indicate review of the file in the examination report. The examiner must conduct all indicated studies to rule out diagnoses.

The examiner must indicate all current psychiatric disabilities, and any found during the appeal period. 

If a diagnosis for PTSD is deemed appropriate, the examiner must: (i) explain how the diagnostic criteria of the Diagnostic and Statistical Manual for Mental Disorders are met, to include identification of the specific stressor(s) underlying the diagnosis, and comment upon the link between the current symptomatology and one or more of the stressors; (ii) if PTSD is found to be related to an in-service stressor, the examiner must specifically state whether that stressor was related to the Veteran's service; (iii) if a diagnosis of PTSD is not deemed appropriate, the examiner must specifically explain how the diagnostic criteria for PTSD of the Diagnostic and Statistical Manual for Mental Disorders have not been met.

In doing so, the examiner must address all of the Veteran's lay statements regarding the claimed stressor(s). 

For any other diagnosed acquired psychiatric disorder, the examiner must provide an opinion indicating (i) whether it is at least as likely as not (50 percent or greater probability) that the disorder is related to service, to include his asserted stressor(s) therein; (ii) whether the disorder(s) are proximately due to OR chronically aggravated beyond normal progression by service-connected disabilities. 

The examiner should note "permanent worsening" of a non-service-connected disability is not required to establish secondary service connection on the basis of aggravation. See Ward v. Wilkie (16-2157, 17-1204).

The examiner must provide separate findings and rationales relating to causation and aggravation.

The examiner must provide a rationale in support of all opinions provided. In providing the opinion(s), the examiner must consider the Veteran's mental health history as well as the findings documented at the time of the examination. If any opinion cannot be provided without resorting to speculation, the examiner must explain why this is so.

 

 

L. CHU

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Y. Asfaw, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.