KL, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–432.

United States Court of Veterans Appeals.

June 10, 1993.

William D. Mallard, Jr., was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Sara B. Lake, were on the pleadings, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, KL, appeals from a January 2, 1992, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an earlier effective date for his 100% evaluation for post-traumatic stress disorder (PTSD), and denied entitlement to a permanent 100% evaluation for the appellant's service-connected PTSD. *KL*, BVA 92–02039 (Jan. 2, 1992). Appellant contends that his claim for service connection for PTSD should date back to May 7, 1980, the date appellant first contacted a veteran's outreach center. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). The Court will affirm the BVA decision.

## I. BACKGROUND

Appellant had active duty in the Army from June 1962 to May 1967 and from March 1971 to June 1974. Appellant served as a helicopter pilot with the 1st Cavalry Division in Vietnam from September 1965 to August 1966.

In May 1980, appellant sought counseling through a Vietnam veterans outreach program. Appellant continued to seek treatment there through May 2, 1986, and then from October 1988 to January 1989. Records indicate he was seen for depression, substance abuse, and domestic, marital, housing, and vocational problems.

On March 3, 1988, appellant applied for service connection for a nervous condition. The nervous condition was found to be non-service-connected by a rating decision dated July 1988.

An entry in the Veterans' Administration (now Department of Veterans Affairs) (VA) clinical records, dated October 1988, noted that appellant had been seen "intermittently since May, 1980 with a primary concern for employment help." Sometime after October 1988, a "Records Summary" of appellant's treatment was made. The counselor who prepared the summary noted that appellant "appears to have significant symptoms of PTSD which produces extreme stress, rage, and propensity for destruction in the [appellant]."

In November 1988, appellant drove his van through the front door at the VA Regional Office (RO) in Atlanta, Georgia, to express his anger that the VA had done nothing to help him. Appellant was evaluated following this incident by a VA physician, Dr. Samonsky, on November 8, 1988. Dr. Samonsky ruled out PTSD, and diagnosed appellant with depression. Appellant was admitted to a VA hospital from November 16–28, 1988, for a PTSD evaluation by Dr. Amarasinghe, a staff psychologist. Dr. Amarasinghe diagnosed appellant with depression.

Dr. Amarasinghe recommended that appellant be seen on an outpatient basis by Dr. Saucer, a VA staff psychologist. In a medical report dated November 30, 1988, Dr. Saucer noted that this was appellant's first hospitalization for PTSD, and that "[i]t is certain that the veteran meets all DSM IIIR criteria with regard to traumatic incidents and consequent symptomatology [for] PTSD, chronic and severe as [a] result

of combat experiences in Republic of Vietnam." Dr. Saucer recommended that appellant be seen in the foreseeable future and "is unemployable indefinitely."

On December 9, 1988, appellant was evaluated during a VA compensation and pension examination. Dr. Jarvis diagnosed appellant with PTSD. On December 22, 1988, appellant was granted a 50% rating for service connection for PTSD, effective from March 3, 1988.

In February 1989, Dr. Samonsky diagnosed appellant with chronic and severe PTSD and opined that appellant would not be employable for the foreseeable future. In February 1989, appellant filed his Notice of Disagreement with the 50% rating for PTSD. Subsequently, on April 25, 1989, the rating board found that there was clear and unmistakable error in the original effective date of appellant's disability compensation. This mistake was corrected by changing his effective date to January 28, 1988, the date appellant made his initial application for VA compensation. In the same decision, his rating for PTSD was increased to 100%.

In a February 5, 1990, decision, the BVA denied entitlement to an effective date earlier than January 28, 1988. Appellant appealed the decision to this Court. The matter was remanded to obtain additional records and to address the issue of entitlement to a permanent rating.

On January 2, 1992, the BVA rendered the decision which is the subject of this appeal. The BVA denied entitlement to an effective date earlier than January 28, 1988, for the grant of entitlement to service connection for PTSD, and denied entitlement under 38 C.F.R. § 3.340(b) (1992) to a permanent 100% rating for service connection for PTSD. In denying the earlier effective date, the BVA noted that appellant made his initial application for VA compensation on January 28, 1988. The BVA found that the VA outreach center records from May 7, 1980, through May 2, 1986, as well as any individual counseling session during that period, did not constitute a claim for entitlement to service connection for PTSD. Regarding the claim for

a permanent rating, the BVA found that appellant's service-connected PTSD, presently rated by schedule as 100%, was not shown to be a "disease of longstanding duration, actually totally incapacitating, or of such a nature as to render the probability of permanent improvement remote, particularly considering the veteran's relative youth." The BVA noted that a characteristic pattern of PTSD symptomatology was not made known by the veteran until the fall of 1988. The BVA cited to medical texts which indicate that PTSD is amenable to treatment. *KL,* BVA 92–02039, at 10. Further, the BVA noted "the record is replete with references to the veteran's ability to interact, at least to a fair degree, with family members, and others, including VA physicians and RO administrative personnel." *Id.* at 12–13. While acknowledging the current finding of total industrial impairment, the Board "could not hold that those employment restrictions attributable to the veteran's PTSD will continue throughout the remainder of his life." *Id.* at 15.

## II. ANALYSIS

The decisions of the BVA as to the date when a claim was filed in order to determine entitlement to an earlier effective date, and as to whether a condition is permanent, are factual determinations. *See* 38 U.S.C.A. § 5110 (West 1991), *Quarles v. Derwinski,* 3 Vet.App. 129, 135 (1992) (Resolution of the question of whether the Board accurately determined the effective date requires the Court to decide whether the Board erred in its fact finding); 38 U.S.C.A. § 7261(a)(4) (West 1991), *Lovelace v. Derwinski,* 1 Vet.App. 73, 74 (1990) (BVA's determination of a veteran's degree of disability is a finding of fact). The Court must affirm the factual findings of the BVA unless those determinations are "clearly erroneous." *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). A finding of fact is clearly erroneous if the Court is left with a definite and firm conviction, after reviewing the entire evidence, that a mistake has been committed. *Id.* at 52 (citing *United States v. United States*

*Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Id.* at 53.

■ Appellant alleges that he initiated an informal claim for PTSD in May 1980, when he sought assistance at the VA Outreach Center in Atlanta, Georgia. The regulatory definition of an informal claim is:

Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant ... may be considered an informal claim. Such informal claim must identify the benefit sought.

38 C.F.R. § 3.155(a) (1992). The VA Outreach Center records reflect that he sought assistance for depression, substance abuse, and domestic, marital, housing, and vocational problems. There is no evidence in the record that indicates any intent on the part of the appellant to apply for benefits or in any way specifically identifies "the benefit sought," (i.e., service connection for PTSD), as required by § 3.155(a). *Dunson v. Brown*, 4 Vet.App. 327, 329–30 (1993).

The Court concludes that the BVA's denial of an earlier effective date is plausible. Pursuant to 38 U.S.C.A. § 5110(b), the earliest effective date assignable for PTSD is the day following separation from service (if his claim was received within one year following separation from service); otherwise, pursuant to 38 U.S.C.A. § 5110(a), it is the date of the receipt of his claim. Since appellant's claim was not received within one year following service, § 5110(a) is applicable to this claim. Thus, based on the evidence of record, as the BVA's determination that the claim was filed on January 28, 1988, is not implausible, the earliest effective date is such date.

■ Pursuant to 38 C.F.R. § 3.340(b): Permanence of total disability will be taken to exist when such impairment is reasonably certain to continue throughout the life of the disabled person.... Diseases and injuries of long standing which are actually totally incapacitating will be regarded as permanently and totally disabling when the probability of permanent improvement under treatment is remote.... The age of the disabled person may be considered in determining permanence.

The finding of the Board as to the inapplicability of § 3.340(b) to appellant's claim is plausible. Appellant's failure to pursue any treatment specifically for PTSD is a reasonable factor for the Board to base its decision on. Furthermore, appellant's disease has not been shown to be a disease of longstanding duration, actually totally incapacitating, or of such a nature as to render the probability of permanent improvement remote.

The decision of the Board is AFFIRMED.