**Joseph C. BRANNON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 96–282.

United States Court of Veterans Appeals.

Nov. 17, 1998.

Jeffrey Wood, was on the brief, for appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Ralph G. Davis, Washington, DC, were on the brief, for appellee.

Before HOLDAWAY, STEINBERG, and GREENE, Judges.

HOLDAWAY, Judge:

The appellant, Joseph C. Brannon, appeals the March 1996 decision of the Board of Veterans' Appeals (Board or BVA) that determined he was entitled to a 50% disability rating for his skin disorder and to service connection for his asthma condition. The appellant has not challenged the Board's decision with respect to the 50% disability rating for his skin condition or with respect to the asthma claim. Instead, he argues, through counsel, (1) that the Board failed to adjudicate a claim for secondary service connection for a psychiatric disorder etiologically related to his skin condition and (2) that the Board's decision not to submit his skin condition claim for an extraschedular rating was error. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served in the U.S. Army from July 1979 to March 1982. He suffers from a severe service-connected skin disease. In October 1990, a physician diagnosed him with possible history of schizophrenia and noted that his skin condition was affecting his psychological functioning. He was diagnosed with schizophrenia by a VA physician in February 1991. In May 1991, the appellant reported that he heard voices when his rash became worse. A July 1991 VA examination report stated, "[N]o psychosis noted." In March 1995, the appellant was afforded a VA skin examination for rating purposes, and the doctor noted that the appellant was suffering from "[t]remendous anxiety secondary to itching." Neither the appellant nor his authorized representatives ever expressed, before the Board or a VA regional office, an intention to seek service connection for the

appellant's mental problems secondary to his skin disorder.

## II. ANALYSIS

### A. Secondary Service Connection

 The appellant contends that the Board failed to address an implicit claim for secondary service connection of a psychiatric disorder that may have been caused by his service-connected skin disorder. In order for this Court to have jurisdiction of an issue, generally there must be a Board decision on the issue and a Notice of Disagreement (NOD), encompassing the issue, must have been filed, on or after November 18, 1988. *See* 38 U.S.C. § 7252(a); Veterans' Judicial Review Act (VJRA), Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); *Ledford v. West*, 136 F.3d 776, 779 (Fed.Cir.1998). To initiate appellate review of a VA regional office decision to the Board, a claimant must submit an NOD. *See* 38 U.S.C. § 7105(a). An NOD is "[a] written communication from a claimant . . . expressing dissatisfaction or disagreement with an adjudicative determination by the [VA regional office (VARO) ] and a desire to contest the result." 38 C.F.R. § 20.201 (1997). "[A]n NOD relates to a specific 'adjudicative determination' on a specific date." *Ledford, supra.* An NOD may also encompass a claim that a VARO failed to adjudicate but that was reasonably raised to it. *See Isenbart v. Brown*, 7 Vet.App. 537, 540–41 (1995); *see also Collaro v. West*, 136 F.3d 1304, 1309 (Fed.Cir.1998) (stating that an NOD is not limited to issues framed in the Statement of the Case, but a rough-hewn (generally worded) NOD may contain the radices of issues (undeveloped constitutional and rulemaking challenges) that may be raised to the Board (even on motion for BVA reconsideration)).

 Once a timely NOD has been filed, appellate review to the Board is completed by submitting a substantive appeal after the Secretary has issued a Statement of the Case. *See* 38 U.S.C. § 7105(a). "The [substantive] appeal should set out specific allegations of error of fact or law, such allegations related to specific items in the statement of the case. The benefits sought on appeal must be clearly identified." 38 U.S.C. § 7105(d)(3). "The Board . . . may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed." 38 U.S.C. § 7105(d)(5). The Court has held that the Board is required to adjudicate all issues reasonably raised by a liberal reading of the appellant's substantive appeal, including all documents and oral testimony in the record prior to the Board's decision. *See Solomon v. Brown*, 6 Vet.App. 396, 402 (1994); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991). "Where such review of all documents and oral testimony reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the [VARO] for development and adjudication of the issue; however, the Board may not simply ignore an issue so raised." *Suttmann v. Brown*, 5 Vet.App. 127, 132 (1993). On the other hand, the Board is not required to anticipate a claim for a particular benefit where no intention to raise it was expressed. *See Talbert v. Brown*, 7 Vet.App. 352, 356–57 (1995) (holding that the BVA is not required to do a "prognostication" but to review issues reasonably raised by the substantive appeal).

 The appellant contends on appeal that the Board failed to adjudicate a claim for a psychiatric condition secondary to his skin condition. He argues that the claim was reasonably raised by the medical evidence of record. Even assuming that the medical evidence established a well-grounded claim for such a condition, the appellant has not filed a claim for secondary service connection. "A specific claim in the form prescribed by the Secretary . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." 38 U.S.C. § 5101(a); *see also* 38 C.F.R. § 3.151(a) (1997). A claim "means a formal or informal communication in writing *requesting a determination* of entitlement, or evidencing a *belief in entitlement*, to a benefit." 38 C.F.R. § 3.1(p) (1997) (emphasis

added). "Any communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs ... may be considered an informal claim. *Such informal claim must identify the benefit sought.*" 38 C.F.R. § 3.155(a) (1997) (emphasis added). "Section 5101(a) is a clause of general applicability and mandates that a claim must be filed in order for any type of benefit to accrue or be paid." *Jones v. West,* 136 F.3d 1296, 1299 (Fed.Cir.1998). Therefore, before a VARO or the BVA can adjudicate an original claim for benefits, the claimant must submit a written document identifying the benefit and expressing some intent to seek it. *Cf. Hamilton v. Brown,* 4 Vet.App. 528, 544 (1993) (en banc), *aff'd,* 39 F.3d 1574 (Fed.Cir. 1994) (holding that VA's failure to forward an application form to a claimant, who had submitted an informal claim under section 3.155(a), waives the requirement to file a formal application).

■ The record contains no evidence that the appellant had ever expressed an intent to seek secondary service connection for his psychiatric condition prior to the Board's decision. The mere presence of the medical evidence does not establish an intent on the part of the veteran to seek secondary service connection for the psychiatric condition. *See, e.g., KL v. Brown,* 5 Vet.App. 205, 208 (1993); *Crawford v. Brown,* 5 Vet.App. 33, 35 (1993); *cf.* 38 C.F.R. § 3.157(b) (1997) (permitting certain medical reports to be accepted as an "informal claim for increased benefits or an informal claim to reopen"). While the Board must interpret the appellant's submissions broadly, the Board is not required to conjure up issues that were not raised by the appellant. *See Talbert, supra.* The appellant must have asserted the claim expressly or impliedly. *See Isenbart, supra.* In this case, where the claimant has failed to raise a particular claim before the VARO and BVA, there is neither a jurisdiction-conferring NOD nor a final BVA decision with respect to the issue of secondary service connection, and the Court lacks jurisdiction to review it on appeal. *See* 38 U.S.C. § 7252; VJRA § 402; *Velez v. West,* 11 Vet.App. 148, 157–58 (1998); *see also Collaro* and *Ledford,* both *supra; cf. In re Fee Agreement of* *Smith,* 10 Vet.App. 311, 314 (1997) (holding that there was a final BVA decision for attorney-fee purposes where the BVA had failed to adjudicate a reasonably raised claim); *Isenbart, supra.*

### B. Extraschedular Rating

■ The appellant also claims that it was prejudicial error for the Board to deny his claim for an extraschedular rating in the first instance. It is true that the Board lacks authority to grant an increased rating based on extraschedular criteria in the first instance. *See Floyd v. Brown,* 9 Vet.App. 88, 95 (1996). However, the Court has held that the BVA does have authority to review whether a claim merits submission for an extraschedular evaluation. *See Bagwell v. Brown,* 9 Vet.App. 337, 338–39 (1996). Therefore, the BVA did not err in denying the extraschedular rating claim.

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. Accordingly, the March 1996 decision of the Board is AFFIRMED.