NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY O. WILLIAMS,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON,**
**Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7004

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-266, Judge Coral Wong Pietsch.

---

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

## O R D E R

Leroy O. Williams appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") decision denying entitlement to an earlier effective date for an award of compensation for post-traumatic stress disorder. *Williams v. Shinseki*, No. 12-266, 2013 U.S. App. Vet. Claims LEXIS 853 (Vet. App.

May 30, 2013) (J.A. 3–10) ("Vet. Ct. Op."). Although Mr. Williams argues this appeal does not involve a dispute over factual findings, it in fact involves a factual dispute which would require this court to reweigh the factual record to determine whether it supports an earlier formal or informal claim for benefits for a psychiatric condition. This we cannot do. 38 U.S.C. § 7292(d)(2); *see also Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013).

Both the Board and the Veterans Court in this case relied on the assertion in *Brannon v. West*, 12 Vet. App. 32 (1998), "that the 'mere presence' of a diagnosis of a specific disorder in a VA medical report 'does not establish an intent on the part of the veteran' to seek service connection for that disorder." J.A. 17 (quoting *Brannon*, 12 Vet. App. at 35); *see also* Vet. Ct. Op. at *13. We do not decide whether this conflicts with our cases "requir[ing] the VA to determine all potential claims raised by the evidence," *see, e.g.*, *Szemraj v. Principi*, 357 F.3d 1370, 1373 (Fed. Cir. 2004) (internal quotation marks and citations omitted); *Cook v. Principi*, 318 F.3d 1334, 1347 (Fed. Cir. 2002) (en banc); *but see MacPhee v. Nicholson*, 459 F.3d 1323, 1326 (Fed. Cir. 2006) (rejecting the argument that "medical records can be an informal claim"), because that issue was not properly raised to this court.

Accordingly,

IT IS ORDERED THAT:

This case is dismissed for lack of jurisdiction.

FOR THE COURT

| July 25, 2014 | /s/ Daniel E. O'Toole |
|---|---|
| Date | Daniel E. O'Toole |
| | Clerk of Court |

cc: Jonathan B. Kelly
    Eric Bruskin