Citation Nr: 1806348 
Decision Date: 01/25/18 Archive Date: 02/07/18

DOCKET NO. 14-24 975 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an effective date prior to December 4, 2009, for the award of service connection for Parkinson's disease.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Veteran 


ATTORNEY FOR THE BOARD

T.S.E., Counsel

INTRODUCTION

The Veteran had active duty from July 1969 to February 1971. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision of the Regional Office (RO) of the Department of Veterans Affairs (VA) in Atlanta, Georgia, which granted service connection for Parkinson's disease, with an effective date of December 4, 2009.

In November 2017, the Veteran was afforded a videoconference hearing before Matthew W. Blackwelder, who is the Veterans Law Judge rendering the determination in this claim and was designated by the Chairman of the Board to conduct that hearing, pursuant to 38 U.S.C. § 7102(b) (2014).

The issue of entitlement to an effective date prior to December 4, 2009, for the award of service connection for coronary artery disease, status post coronary artery bypass graft and percutaneous transluminal coronary angioplasty to include cardiomyopathy, was raised during the Veteran's November 2017 video conference hearing. This issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9 (b) (2017).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDING OF FACT

On July 25, 2004, the Veteran filed an informal claim for service connection for Parkinson's disease; no prior claim for this benefit is of record.




CONCLUSION OF LAW

An effective date of July 24, 2004, and no earlier, for the grant of service connection for Parkinson's disease is warranted. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks an earlier effective date for his award of service connection for Parkinson's disease. At his hearing, held in November 2017, his testimony was somewhat unclear on certain points, and the Board has attempted to harmonize it as follows: He was diagnosed with Parkinson's disease in 2002. On August 9, 2004, he filed claims for service connection for Parkinson's disease, and heart disease, with M.F., at the state division of veterans services (a veterans service organization), at the VA Medical Center (VAMC) in Decatur, Georgia. The VAMC is next door to the VA RO. Service connection was not presumptively in effect for either Parkinson's disease or heart disease at that time. M.F. told him that he needed to start a new file, threw his papers in the trash, and entered something into a computer. Other papers he filed with VA at the time were erroneously stamped as received August 19, 2004 (as opposed to the correct date of August 9, 2004). In October 2004, he submitted additional documentation for VA's Agent Orange Registry Program (AORP). 

A notarized statement, from K.S. is of record, received in November 2017. The author essentially corroborates the Veteran's testimony as to filing a claim with M.F., and that she threw his documents into the trash. 

The effective date of an award of disability compensation based on an initial claim shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110 (a). The implementing regulation provides that the effective date of an award of disability compensation is the day following separation from active service, if the claim is received within one year after separation from service; otherwise, the effective date is the later of the date of receipt of claim or the date that entitlement to service connection arose. 38 C.F.R. § 3.400 (b)(2) (2017). 

A "claim" is defined in the VA regulations as "a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1 (p). An informal claim is "[a]ny communication or action indicating an intent to apply for one or more benefits." It must "identify the benefit sought." 38 C.F.R. § 3.155 (a). The date of receipt of the claim, or "date of the claim," means the date of the application based upon which benefits are awarded, not the original claim for service connection. See Sears v. Principi, 16 Vet. App. 244, 246-47 (2002), aff'd, 349 F.3d 1326 (Fed. Cir. 2003). 

VA must look to all communications from a claimant that may be interpreted as applications or claims, formal and informal, for benefits and is required to identify and act on informal claims for benefits. Servello v. Derwinski, 3 Vet. App. 196, 198 (1992). If VA fails to forward an application form to the claimant after receipt of an informal claim, then the date of the informal claim must be accepted as the date of claim for purposes of determining an effective date. Id. at 200.

In Jones v. West, 136 F.3d 1296, 1299 (Fed. Cir. 1998), the United States Court of Appeals for the Federal Circuit (Federal Circuit) held that "[s]ection 5101(a) is a clause of general applicability and mandates that a claim must be filed in order for any type of benefit to accrue or be paid." Thus, before VA can adjudicate an original claim for benefits, the claimant must submit a written document identifying the benefit and expressing some intent to seek it. See also Brannon v. West, 12 Vet. App. 32 (1998). The mere presence of the medical evidence does not establish an intent on the part of a claimant to seek service connection. Id. at 35 (1998); see also Lalonde v. West, 12 Vet. App. 377, 382 (1999). Thus, while VA must liberally read all documents filed by a claimant to include all issues presented, see EF v. Derwinski, 1 Vet. App. 324, 326 (1991), this duty follows the filing of a claim, and the law is clear that VA is not required to anticipate, or assume an intent to file, any potential claim for a particular benefit where no intention to raise it was expressed. Id.; Talbert v. Brown, 7 Vet. App. 352, 356-57 (1995).

The claims file includes a questionnaire related to the Veteran's participation in the AORP (hereinafter "AORP questionnaire") which shows that the Veteran stated, "I have Parkinson's and a heart condition, I have been told that Parkinson's is now considered a related disease." He indicated that he had not previously filed a claim for Veteran's benefits related to exposure to Agent Orange, that he was considered 100 percent disabled, and that "Parkinson's is considered to have no cure." He stated, "Please let me know if you feel I am entitled my [sic] law to receive any type of settlement with my conditions and if my daughter would qualify." The AORP questionnaire bears a date of July 25, 2004 in the lower right-hand corner. 

A statement from the Veteran's daughter, C.J., dated in August 2004, indicates that it was received by VA in October 2004. In this statement, the Veteran's daughter noted that the Veteran has disorders that include Parkinson's disease, which affected his memory and motor skills, and which caused tremors. She further provided additional medical details, to include a list of his medications, and stated, "Any help that you can offer my parents and/or any advice you can give me to help with getting his VA Benefits going would be greatly appreciated." 

A medical records release form for the records of Dr. L, signed by the Veteran, and dated in August 2004, is of record. This form contains a date stamp of August 19, 2004. 

It appears that the RO obtained Dr. L's records that same month. Those records show that the Veteran was treated for disorders that included Parkinson's disease.

Associated documents related to the Veteran's participation in the AORP are of record, which indicate that they were received by VA in October 2004. These documents include an Agent Orange Veterans Physical Examination report, and an Agent Orange Registry Code Sheet. These reports note that the Veteran has disorders that included Parkinson's disease. 

In a letter to the Veteran from the Atlanta VAMC, dated October 20, 2004, the Veteran's participation in the AORP was acknowledged. He was informed that "there is no such thing as 'Agent Orange Disease,' and at present, there is no conclusive scientific evidence that Agent Orange has definitively caused long-term medical problems in Vietnam Veterans or their children." It was further acknowledged that the results of his physical examination showed "abnormality."

As an initial matter, the filing of a claim with a veterans service organization is not tantamount to filing a claim with VA, and there is no evidence to show that the Veteran filed a formal claim for service connection at any time prior to December 2009. See generally, Kyhn v. Shinseki, 24 Vet. App. 228, 232 (2011) ("There is a presumption of regularity under which it is presumed that government officials properly discharge their duties in good faith and in accordance with the law and governing regulations."); Mindenhall v. Brown, 7 Vet. App. 271 (1994); Ashley v. Derwinksi, 2 Vet. App. 62, 64 (1992). 

However, the Board's analysis does not end there. The evidence is clear that the Veteran filed documentation in association with his participation in the AORP in 2004, to include an authorization for release of private treatment records showing treatment for Parkinson's disease. In the AORP questionnaire, the Veteran indicated that he believed that his Parkinson's disease was linked to his presumed exposure to Agent Orange during service, and that he was seeking service connection for disabilities that included Parkinson's disease. This evidence is sufficient to show that he believed he was entitled to compensation for Parkinson's disease. Stewart v. Brown, 10 Vet. App. 15, 18 (1997); see also August 2004 statement from the Veteran's daughter. As the Veteran submitted a written document identifying the benefit sought, i.e., service connection for Parkinson's disease, and indicated an intent to seek it, the Board finds that the documentation filed by the Veteran in 2004 may reasonably be construed as an informal claim for service connection for Parkinson's disease. See 38 C.F.R. § 3.155 (a); Brannon.

The completed AORP questionnaire bears a date of July 25, 2004 in the lower right-hand corner, and this is presumably the date upon which it was received by VA. 

On August 31, 2010, VA amended 38 C.F.R. § 3.309 (e) to add hairy cell leukemia and other chronic B-cell leukemias, Parkinson's disease, and ischemic heart disease to the list of diseases associated with exposure to certain herbicide agents. The intended effect of this amendment was to establish presumptive service connection for these diseases based on herbicide exposure. This final rule was published in the Federal Register. See 75 Fed. Reg. 53, 202 (August 31, 2010).

As VA failed to adjudicate his informal claim for service connection for Parkinson's disease prior to its February 2011 rating decision, the claim is considered to have been pending as of July 25, 2004. Ingram v. Nicholson, 21 Vet. App. 232, 240 (2007) ("[A] claim remains pending-even for years-if the Secretary fails to act on a claim before him"). In addition, as VA failed to forward an application form to the Veteran after receipt of his informal claim, the date of receipt of the informal claim must be accepted as the date of claim for purposes of determining an effective date. Servello, 3 Vet. App. at 200. Given the foregoing, the Board finds that the correct date for service connection for Parkinson's disease is July 25, 2004, which is the date of receipt of his informal claim. Id.; 38 C.F.R. § 3.400. An effective date prior to July 25, 2004 is not warranted, as the Veteran has not asserted, and there is no evidence to show, that the Veteran sought service connection for Parkinson's disease prior to this date. 

Duties to Notify and Assist

The United States Court of Appeals for the Federal Circuit (Federal Circuit) and the Court have similarly held regarding the downstream element of an earlier effective date, that once service connection is granted the claim is substantiated, additional notice is not required, and that any defect in notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007) (noting that, once an initial VA decision awarding service connection and assigning a disability evaluation and effective date has been made, 38 U.S.C. § 5103 (a) notice is no longer required); 38 C.F.R. § 3.159 (b)(3) (no VCAA notice required because of filing of NOD). 

Regarding the duty to assist in this case, VA has secured or attempted to secure all relevant documentation required by the VCAA or identified by the Veteran. All identified and available relevant documentation has been secured and all relevant facts have been developed. There remains no question as to the substantial completeness of the claim. 38 U.S.C. §§ 5103, 5103A, 5107; 38 C.F.R §§ 3.102, 3.159, 3.326(a). For these reasons, the Board finds that the VCAA duties to notify and to assist have been met, to the limited extent they apply in this case, where the law and not the facts control the decision.


ORDER

An effective date of July 25, 2004, and no earlier, for the award of service connection for Parkinson's disease is granted, subject to the laws and regulations governing the award of monetary benefits.


____________________________________________
MATTHEW W. BLACKWELDER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs