﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191010-37863
DATE: May 29, 2020

ORDER

Entitlement to an effective date prior to March 2, 2017 for the grant of service connection for posttraumatic stress disorder (PTSD) is denied.

Entitlement to an effective date prior to March 2, 2017 for the grant of a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. VA received the Veteran’s VA Form 21-526b for entitlement to PTSD on March 2, 2017

2. VA received the Veteran’s VA Form 21-8940 for entitlement to an increased rating based on unemployability on March 2, 2017.

3. Prior to March 2, 2017, the evidence of record does not show that the Veteran was unable to obtain or maintain substantially gainful employment as a result of service-connected disabilities.

CONCLUSIONS OF LAW

1. The criteria for an effective date prior to March 2, 2017 for the grant of service connection for PTSD have not been met. 38 U.S.C. §§ 5107, 5110 (2012); 38 C.F.R. §§ 3.156(c); 3.400 (2019).

2. Prior to March 2, 2017, the criteria for entitlement to a TDIU have not been met. 38 U.S.C. § §§ 1155, 5103A, 5107 (2012); 38 C.F.R. § §§ 3.102, 3.340, 3.341, 4.16, 4.18, 4.19 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran has active duty service from September 1965 to September 1967, including service in the Republic of Vietnam.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision, which the Board recognized as an Appeals Modernization Act (AMA) rating decision. See October 14, 2019 AMA Notification Letter. The Veteran timely appealed this rating decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Preliminary issues

By way of introduction, in a July 19, 2017 decision, the Board granted entitlement to an initial disability rating of 50 percent, but no higher, for PTSD. In this same decision, the Board denied an effective date prior to March 2, 2017 for the grant of service connection for PTSD. 

In August 2019, the AOJ then denied the same earlier effective date already decided in the Board’s July 2017 decision. The Board fully recognizes that this AOJ adjudication presents profound procedural issues. See, e.g., 38 U.S.C. § 1975, 1984 and 38 U.S.C. chapters 37 and 72.

Nevertheless, as the Board both recognized the August 2019 rating decision as an AMA rating decision and acknowledged the Veteran’s VA Form 10182 by docketing it on the Direct Review docket, the Board will address the issue so as not to prejudice the Veteran’s interests.

Earlier Effective Date: Grant of service connection for PTSD

The Veteran was originally granted service connection for PTSD in an August 2017 rating decision, effective March 2, 2017, the date he filed his claim. 

In general, except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. The effective date of an award of service connection shall be the day following the date of discharge or release if application is received within one year from such date of discharge or release. Otherwise, the effective date is the date of receipt of claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (b)(2)(i).

As the current effective date is the Veteran’s date of claim, there does not seem to be any basis for an earlier effective date. The Board observes that the Veteran and counsel contend that an earlier effective is warranted for the grant of service connection for PTSD; however, neither party has indicated what date should be assigned. Moreover, neither party has either presented argument or identified evidence of record which supports any identified earlier effective date for this grant of service connection. Here, the Board informs the Veteran and reminds counsel trenchantly that a claimant still ultimately bears some burden of production. 38 U.S.C. § 5107(a); Cromer v. Nicholson, 455 F. 3d 1346 (Fed. Cir. 2006).

Prior to March 24, 2015, VA recognized formal and informal claims. A claim is defined as a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit. 38 C.F.R. § 3.1(p). An informal claim is any communication or action indicating intent to apply for one or more benefits and must identify the benefit sought. 38 C.F.R. § 3.155 (a). VA must look to all communications from a claimant that may be interpreted as applications or claims both formal and informal for benefits and is required to identify and act on informal claims for benefits. Servello v. Derwinski, 3 Vet. App. 196, 198 (1992).

Effective on March 24, 2015, VA amended its rules as to what constitutes a claim for benefits; such now requires that claims be made on a specific claim form prescribed by the Secretary, which is available online or at the local Regional Office. These amendments, however, are only applicable with respect to claims filed on or after March 24, 2015, and thus are applicable in the present case.

Although a claimant need not identify the benefit sought “with specificity,” see Servello v. Derwinski, 3 Vet. App. 196, 199-200 (1992), some intent on the part of the Veteran to seek benefits must be demonstrated. See Brannon v. West, 12 Vet. App. 32, 34-35 (1998). VA must perform a sympathetic reading to all pro se pleadings of record. Szemraj v. Principi, 357 F. 3d 1370, 1373 (Fed. Cir. 2004).

Here, scrutiny of the records fails to show that the Veteran filed any claims for service connection for PTSD prior to March 2, 2017, nor has the Veteran alleged otherwise. 

Thus, regardless of when his PTSD may have arose, the effective date cannot be earlier than the date of claim. Therefore, entitlement to an effective date prior to March 2, 2017 for the grant of service connection for PTSD must be denied. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2)(i).

Earlier Effective Date: Grant of a TDIU

TDIU was granted in an August 2019 rating decision, effective March 2, 2017, the date his claim was received. The Board further notes that the record does not show any prior pending increased rating claims or any other prior claims that could be construed as an earlier TDIU claims or could have encompassed a TDIU claim therein. 

Again, regarding the assignment of effectives dates, the law generally provides that the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. That is, the effective date of an award “shall be fixed in accordance with the facts found but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110 (a). 

With regard to increased rating claims (to include TDIU claims), however, the effective date may date back as much as one year before the date of the application for increase if it is factually “ascertainable that an increase in disability had occurred” within that timeframe. 38 U.S.C. § 5110 (b)(2); 38 C.F.R. § 3.400 (o)(2); see also Gaston v. Shinseki, 605 F.3d 979 (Fed. Cir. 2010); Hazan v. Gober, 10 Vet. App. 511 (1997). 

Here, the Veteran filed his TDIU claim on March 2, 2017, which is the effective date currently assigned. The pertinent inquiry, then, is whether TDIU is “factually ascertainable” within the one-year time frame before the date of claim. As outlined below, the Board finds it was not.

In order to establish entitlement to a TDIU due to service-connected disabilities, there must be impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. See 38 U.S.C. § § 1155; 38 C.F.R. § §§ 3.340, 3.341, 4.16. In reaching such a determination, the central inquiry is “whether the veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability.” Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the veteran’s level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. § §§ 3.341, 4.16, 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993).

“Substantially gainful employment” is that employment “which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides.” Moore (Robert) v. Derwinski, 1 Vet. App. 356, 358 (1991). “Marginal employment shall not be considered substantially gainful employment.” 38 C.F.R. § § 4.16(a) 

The regulatory scheme for a TDIU provides both objective and subjective criteria. Hatlestad, supra; VAOPGCPREC 75-91 (Dec. 27, 1991) 57 Fed. Reg. 2317 (1992). The objective criteria, set forth at 38 C.F.R. § § 3.340(a)(2), provide for a total rating when there is a single disability or a combination of disabilities that results in a 100 percent schedular evaluation. Subjective criteria, set forth at 38 C.F.R. § § 4.16(a), provide for a TDIU when, due to service-connected disability, a veteran is unable to secure or follow a substantially gainful occupation, and has a single disability rated 60 percent or more, or at least one disability rated 40 percent or more with additional disability sufficient to bring the combined evaluation to 70 percent. 38 C.F.R. § §§ 3.340, 3.341, 4.16(a). In exceptional circumstances, where the veteran does not meet the aforementioned percentage requirements, a total rating may nonetheless be assigned upon a showing that the individual is unable to obtain or retain substantially gainful employment. 38 C.F.R. § § 4.16(b).

In the year prior to March 2, 2017, the Veteran did not meet the schedular rating requirements for entitlement to a TDIU. See 38 C.F.R. § § 4.16(a). In particular, he was service-connected for the following disabilities: 1) mechanical back strain with degenerative disc disease at 10 percent from May 17, 2004; 2) old shrapnel wound to the left groin at 10 percent from December 19, 1974 and at 30 percent from November 26, 2002; 3) painful scars of the left inguinal area at 10 percent from November 26, 2003; and 4) bilateral hearing loss at a noncompensable rating from November 26, 2003 and at 10 percent from September 3, 2005. 

Nevertheless, entitlement to a TDIU still may be granted on an extra-schedular basis under § 4.16(b). This additional subpart of this governing VA regulation indicates “that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled.” Id. (emphasis added).

The term “substantially gainful occupation” is not defined in the rating schedule. Rather, the Court in Ray v. Wilkie, found the phrase has two components: an economic one and a noneconomic one. 31 Vet. App. 58 (2019). In assessing the Veteran’s ability to secure and follow a substantially gainful occupation, the Board is to consider the Veteran’s history, education, skill, and training as well as physical abilities and mental abilities required by the occupation at issue. Id. Such specific physical ability-factors include lifting, bending, sitting, standing, walking, climbing, grasping, typing, reaching, auditory, and visual. Id. Specific mental ability-factors include memory, concentration, ability to adapt to change, handle work-place stress, getting along with coworkers, and demonstrating reliability and productivity. Id.

The Board cannot grant an extraschedular TDIU in the first instance. Instead, the Board can only make the limited determination that either extraschedular TDIU is not warranted or referral to the Director of Compensation & Pension is warranted for extraschedular consideration is warranted. 

For reasons outlined below, the Board finds the evidence does not show that for the year prior to March 2, 2017, it was factually ascertainable that the Veteran’s service-connected disabilities precluded substantial gainful employment and, therefore, referral is not appropriate and an earlier effective date for the grant of TDIU is not warranted.

Prior to March 2, 2017, the record shows that the Veteran earned a high school degree. As to professional experiences, the Veteran worked for the United States Department of Agriculture (USDA) as an inspector for 43 years. His March 2, 2017, VA 21-8940 Form indicated he stopped working in 2011, which is well before the one-year time frame prior to filing his claim and there is no indication that his retirement was due to any service connected disability or disabilities. 

Indeed, the record from March 2, 2016, to March 2, 2017, is relatively scarce. A March 2017 statement from the Lincoln Behavioral Health Clinic indicates treating the Veteran since February 15, 2017, for PTSD, but the Veteran was not service-connected for PTSD until March 2, 2017 and, therefore, his PTSD cannot be considered for an earlier effective date for TDIU prior to March 2, 2017. VA outpatient treatment records dated in 2016 indicate ongoing treatment for chronic back pain, but do not indicate occupational limitations. Indeed, in a December 2016 VA outpatient treatment record, the Veteran was encouraged to exercise 20 minutes of aerobic activity a day to strengthen his bones and muscles.

In short, TDIU was not factually ascertainable within the one year preceding his March 2, 2017, date of claim. See 38 C.F.R. § 3.400 (o)(2); see also Withers v. Wilkie, 30 Vet. App. 139 (2018). Thus, an earlier effective date is not warranted.

Accordingly, the preponderance of evidence is against granting entitlement to a TDIU prior to March 2, 2017. As such, the benefit of doubt doctrine is not for application in this case. See 38 U.S.C. § § 5107; Gilbert, supra.

 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. J. Komins, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.