﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 200205-60041
DATE: September 30, 2020

ORDER

Entitlement to an effective date prior to December 2, 2019, for the grant of service connection for cervicogenic headaches is denied.

FINDING OF FACT

Following an unappealed April 1977 rating decision, continuing a 20 percent rating for residuals of a fragment wound of the neck with associated headaches, VA received no communication that constitutes a formal or informal claim for service connection for headaches as a separate disability until December 2, 2019.

CONCLUSION OF LAW

The criteria for an effective date earlier than December 2, 2019, for the grant of service connection for cervicogenic headaches have not been met. 38 U.S.C. §§ 5101, 5103, 5103A, 5107, 5110; 38 C.F.R. §§ 3.151, 3.155, 3.159, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Marine Corps from July 1963 to July 1967.

The Veteran’s claim for service connection for cervicogenic headaches was granted and assigned a 30 percent initial rating effective December 2, 2019, in a January 2020 rating decision. He submitted a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement) (NOD)) in February 2020, appealing the effective date assigned for the grant of service connection to the Board. 

1. Entitlement to an effective date prior to December 2, 2019, for the grant of service connection for cervicogenic headaches

Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for an increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. If the claim for service connection is received within one year of a veteran’s discharge from service, the effective date of an award of service connection will be the day following discharge from service. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400(b)(2). Otherwise, the effective date will be the later of the date of receipt of claim or the date entitlement arose. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2). It is a fundamental tenet of Veterans law that the effective date awarded for a service-connected condition corresponds with the date the claim was received or the date entitlement arose, whichever is later. DeLisio v. Shinseki, 25 Vet. App. 45, 52, 58 (2011); 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400 (2018).

A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). The term “claim” or “application” means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). 

The Board notes that “informal claims” are no longer recognized by VA as of March 2015. 38 C.F.R. § 3.155(a). However, for claims filed prior to March 2015, as is the case here, any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui generis may be considered an informal claim. Such an informal claim must identify the benefits sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim. See 38 C.F.R. § 3.155(a) (2014).

In some cases, a report of examination or hospitalization may be accepted as an informal claim for benefits. 38 C.F.R. § 3.157(b) (2014). The date of outpatient or hospital examination or date of admission to a VA hospital will be accepted as the date of receipt of a claim when such reports relate to examination or treatment of a disability for which service connection has previously been established or when a claim specifying the benefit sought is received within one year from the date of such examination, treatment or hospital admission. 38 C.F.R. § 3.157(b) (2014).

The Veteran disagrees with the effective date assigned for the grant of service connection for cervicogenic headaches. He argues that he should have been separately granted service connection for his headaches as of the February 1971 effective date for the initial grant of service connection for residuals, fragment wound, surgical scar, painful motion, neck, Muscle Group XXIII involved, with retained foreign body and associated headaches and that the RO’s failure to do so constituted clear and unmistakable error (CUE). Veteran statement, February 2020. By way of history, the RO granted the claim for residuals, fragment wound, surgical scar, painful motion, neck, Muscle Group XXIII involved, with retained foreign body and associated headaches in a June 1971 rating decision. The Veteran did not file an NOD or submit new evidence within one year of this rating decision. As such, the March 1996 rating decision became final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. As this decision and the subsequent April 1977 continuance of the 20 percent evaluation for this disability have become final, the Veteran must file a separate claim for CUE if he wishes to appeal one of these final decisions.

The Board has reviewed the entire claims file, paying particular attention to any submissions to VA prior to December 2019. In this case, the Veteran did not submit any correspondence to VA regarding headaches from the time of the June 1971 and April 1977 final denials and his December 2019 claim. Further, there is no indication that there are any missing earlier documents. The Veteran has not argued that he filed an earlier claim. He has only claimed that the June 1971 rating decision was CUE. As noted above, if he wishes to appeal this rating decision based on CUE, he must file a separate CUE claim. 

As there were no documents or correspondence regarding headaches received by VA between April 1977 and December 2019, there is nothing that could constitute a formal or informal claim for service connection for cervicogenic headaches. To the extent that the Veteran experienced separately compensable headaches prior to his December 2019 claim, there is no provision in the law for awarding an earlier effective date based simply on the presence of the disability. See Brannon v. West, 12 Vet. App. 32, 35 (1998) (the mere presence of medical evidence of a condition does not establish an intent on the part of the veteran to seek service connection for the disability). Rather, the earlier presence of separately compensable headaches only establishes an earlier date that entitlement arose. This still does not entitle the Veteran to an earlier effective date, as the effective date must be the later of the date of receipt of the application to reopen or the date entitlement arose. In this case, the later date is the date of the claim. 38 U.S.C. § 5110; 38 C.F.R. § 3.400(b)(2). The Veteran did not file a new claim for headaches as a separate disability until December 2, 2019. This is the earliest allowable effective date under VA regulations.

(Continued on the next page)

 

In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claim of entitlement to an effective date earlier than December 2, 2019, for the grant of service connection for cervicogenic headaches, that doctrine is not applicable. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001).

 

 

Yvette R. White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Moore, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.