Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200507-83757
DATE: August 31, 2021

ORDER

Entitlement to an effective date of March 29, 2019, but no earlier, for a 100 percent rating for posttraumatic stress disorder (PTSD) is granted.

Entitlement to an effective date of March 29, 2019, but no earlier, for eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 is granted.

FINDINGS OF FACT

1. The agency of original jurisdiction (AOJ) granted the Veteran's claim for service connection for PTSD (initially claimed as depression) in a March 11, 2020 rating decision, in which the Veteran was awarded an initial 50 percent rating from September 7, 2016 (date of receipt of claim) to January 17, 2020 and then awarded a 100 percent rating thereafter (coinciding with a subsequent VA examination). The Veteran initiated appeal for an earlier effective date for the 100 percent rating and DEA benefits with a May 2020 Notice of Disagreement.

2. Resolving all reasonable doubt in the Veteran's favor, the evidence is at least evenly balanced to suggest that the Veteran's PTSD exhibited symptomatology consistent with a 100 percent rating reflecting total occupational and social impairment since March 29, 2019; however, prior to March 29, 2019, the Veteran's employment precludes a finding of total occupational and social impairment for that portion of the appellate period. 

3. Entitlement to DEA benefits under 38 U.S.C. Chapter 35 arose on March 29, 2019.

CONCLUSIONS OF LAW

1. An effective date of March 29, 2019, but no earlier, for a 100 percent rating for PTSD is warranted. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.155, 3.156, 3.400.

2. The criteria for an effective date of March 29, 2019, but no earlier, for eligibility to DEA under 38 U.S.C. Chapter 35 have been met. 38 U.S.C. §§ 3501, 3510, 5113; 38 C.F.R. §§ 3.807(a), 21.3021.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Marine Corps from December 1986 to May 1991. These matters come before the Board of Veterans' Appeals (Board) on appeal of a March 11, 2020 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). The rating decision on appeal and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

By way of background, the March 11, 2020 rating decision granted service connection for PTSD, and assigned an initial rating of 50 percent from September 7, 2016 to January 17, 2020, and 100 percent thereafter. The rating decision also awarded DEA benefits under 38 U.S.C. chapter 35 effective January 17, 2020coinciding with the 100 percent rating for PTSD. The Veteran's Notice of Disagreement limited his disagreement to earlier effective dates for the 100 percent rating and DEA benefits. See VA Form 10182 (rec'd May 7, 2020). 

In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to an effective date of March 29, 2019, but no earlier, for a 100 percent rating for PTSD is granted.

The effective date of an evaluation and award of compensation on an original claim for compensation will be the day following separation from active duty service or the date entitlement arose if the claim is received within 1 year after separation from service; otherwise, the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a)-(b)(1); 38 C.F.R. § 3.400(b)(2). 

The Court of Appeals for Veterans Claims (Court) has explained that, in an original claim for service connection, the date entitlement arouse is governed by the date the claim is received, not the date of the medical evidence submitted to support a particular claim. See McGrath v. Gober, 14 Vet. App. 28 (2000). Where a prior unappealed decision becomes final and binding on a veteran, the effective date of a subsequent award of service connection is the date of receipt of a reopened claim, not the date of receipt of the original claim. Sears v. Principi, 16 Vet. App. 244 (2002); Melton v. West, 13 Vet. App. 442 (2000). 

Under VA laws and regulations, a specific claim in the form prescribed by the VA must be filed in order for benefits to be paid or furnished to any individual under laws administered by the VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). Any communication or action indicating intent to apply for one or more benefits under laws administered by the VA, and identifying the benefits sought, may be considered an informal claim. 38 C.F.R. § 3.155(a). 

The provisions of 38 U.S.C. § 5101(a) mandate that a claim must be filed in order for any type of benefit to accrue or be paid. See Jones v. West, 136 F.3d 1296, 1299 (Fed. Cir. 1998). Further, the mere presence of medical evidence in the record does not establish intent on the part of the Veteran to seek service connection for the benefit in question. Brannon v. West, 12 Vet. App. 32, 34-5 (1998). While the Board must interpret the Veteran's submissions broadly, the Board is not required to conjure up issues that were not raised by the Veteran. Id. 

The word "claim" includes a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); Brannon v. West, 12 Vet. App. 32, 34-35 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Any communication or action indicating intent to apply for one or more benefits under laws administered by VA from a Veteran may be considered to be an informal claim. Such an informal claim must identify the benefits sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. 38 C.F.R. § 3.155(a). To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992). 

In this regard, as of such date, a claimant, or certain other individuals as specified in section 3.155(b), may indicate a claimant's intent to file a claim for benefits by submitting an intent to file a claim to VA. 38 C.F.R. § 3.155(b). An intent to file a claim must provide sufficient identifiable or biographical information to identify the claimant. Upon receipt of the intent to file a claim, VA will furnish the claimant with the appropriate application form prescribed by the Secretary. If VA receives a complete application form prescribed by the Secretary, as defined in 38 C.F.R. § 3.160(a), appropriate to the benefit sought within one year of receipt of the intent to file a claim, VA will consider the complete claim filed as of the date of the intent to file a claim was received. 38 C.F.R. § 3.155(b). 

In this regard, VA may not pay a benefit before a claim is made. 38 U.S.C. § 5101; Jones v. West, 136 F.3d 1296, 1299 (Fed. Cir. 1998) (stating that "[38 U.S.C.A. §] 5101 is a clause of general applicability and mandates that a claim must be filed in order for any type of benefits to... be paid under the laws administered by the Secretary.") The mere presence of medical evidence does not establish intent on the part of the Veteran to seek service connection for a disability. Lalonde v. West, 12 Vet. App. 377, 382 (1999); Brannon v. West, 12 Vet. App. 32, 35 (1998). More specifically, a medical examination report is only considered an informal claim for an increase in disability benefits if service connection has already been established for the disability. MacPhee v. Nicholson, 459 F.3d 1323, 1327 (Fed. Cir. 2006); see also 38 C.F.R. § 3.157(b)(1) (medical records can serve as informal claim "when such reports relate to examination or treatment of a disability for which service-connection has previously been established"). Likewise, the mere presence of a disability does not establish intent on the part of the Veteran to seek service connection for that condition. Crawford v. Brown, 5 Vet. App. 33, 35 (1995); KL v. Brown, 5 Vet. App. 205, 208 (1993). 

The Veteran initially filed a claim for service connection for an acquired psychiatric disorder on September 7, 2016. See VA Form 21-0966 (rec'd Sept. 7, 2016 ); VA Form 21-526EZ (rec'd July 10, 2017 ). The Veteran continued to prosecute the claim for service connection until it was granted in the March 11, 2020 rating decision currently on appeal. In this rating decision, an initial staged rating was awarded, 50 percent prior to January 17, 2020 and 100 percent thereafter. There is no previous final decision, and there is no argument made for any formal or informal claim for benefits received prior to September 7, 2016. See 38 C.F.R. §§ 3.1(p), 3.155(a). See also Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009); MacPhee v. Nicholson, 459 F.3d 1323, 1326-27 (Fed. Cir. 2006) (holding that the plain language of the regulations requires a claimant to have intent to file a claim for VA benefits).

The Veteran generally contends that his PTSD has manifested in symptomatology warranting a 100 percent rating since September 7, 2016not merely since January 17, 2020. With respect to this contention, the Board notes the finding in the March 11, 2020 rating decision that states that "[i]t is conceded that the diagnosis of the October 2017 was incorrect and the diagnosis of the January 2020 is the correct diagnosis." See Rating Decision (Mar. 11, 2020), at Page 3 of 5; see also VA Exam (Jan. 17, 2020), at Section III ("[s]everal mental health providers who have treated this veteran described his condition as PTSD and he was extensively evaluated by a clinical psychologist who both refuted the incorrect diagnosis of the initial DBQ, but gave a very detailed and extensive reporting of his PTSD symptoms. There is not a second psychiatric condition diagnosed.") 

The Board is sympathetic to the Veteran and his attorney's argument that if the October 2017 examination has been characterized as incorrect for failing to accurately diagnose PTSD, findings pertaining to the severity of the wrong psychiatric disorder must also be discounted accordingly. However, the Board only has jurisdiction to award an earlier effective date for a 100 percent rating for PTSDnot an increased rating in excess of 50 percent. Meanwhile, even if the October 2017 examination may have indicated an incorrect diagnosis, the Board has no reason to question the finding that the Veteran was employed as of that date. See VA Exam (Oct. 18, 2017), at Question No. 2B. 

The Board concludes that the earliest effective date under the Veteran's jurisdiction for a 100 percent rating for PTSD is March 29, 2019. This is because in a VA Form 21-8940 (often used to initiate a claim for a TDIU), the Veteran indicated that his last day of employment was March 28, 2019. Meanwhile, a 100 percent rating for PTSD is warranted in cases of total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130. Given the claim for an earlier effective date for the 100 percent rating on appeal, the Board concludes that the Veteran's loss of employment is consistent with total occupational and social impairment. Resolving all reasonable doubt in the Veteran's favor, the Board grants the claim for an earlier effective date of March 29, 2019, the day after the last day of employment, but no earlier. The Board also notes that if the Veteran was employed until March 28, 2019 and hence his employment precludes a finding of total occupational impairment. As a result, if the claim for an earlier effective date for a 100 percent rating is precluded by employment until March 28, 2019, and because the Board has no jurisdiction over any prior rating in excess of 50 percent, the Veteran's claims must be denied for the portion of the appellate period ending on March 28, 2019. 

The evidence of record is at least evenly balanced to support a finding of a 100 percent rating effective March 29, 2019, but no earlier. To this extent only, the claim for the benefit sough on appeal is granted. To the extent that the Veteran may desire an effective date earlier than March 29, 2019 for a 100 percent rating for PTSD, the Board concludes that the preponderance of the evidence is against such a finding. There is no further doubt to resolve. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

2. Entitlement to an effective date of March 29, 2019, but no earlier, for eligibility to DEA under 38 U.S.C. Chapter 35 is granted.

Eligibility for DEA benefits requires an underlying service-connected disability that is both total and permanent in nature. 38 U.S.C. § 3501(a)(1)(A)(ii), (D)(i); see 38 C.F.R. §§ 3.807(a)(1)-(2), 21.3021(a)(1)(iii), (3)(i). As delineated above, the Veteran's claim for a 100 percent rating for PTSD has been granted effective March 29, 2019. Accordingly, the effective date for the award of basic eligibility for DEA benefits should also be March 29, 2019. The claim is granted accordingly.

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Michael B. Engle, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.